DAVID H. MITCHELL V. A. E. SKINNER, *et al.*

1. ATTACHMENT, OR EXECUTION, *Levied on Property of Stranger, Not Set Aside at Instance of Defendants.* It is not competent for a defendant to move the court to discharge an attachment, or set aside a levy under an execution, on the 'ground that the property attached or levied upon does not belong to him, and it is error for a court to sustain such motion.

2. TRUSTS AND POWERS; *When No Trust Results.* When a conveyance of land for a valuable consideration is made by A. to B., under the direction and with the consent of ·C., and the consideration therefor is paid by C., and no agreement is made that B. is to hold the land, or some interest therein, in trust for C., no use or trust results in favor of C., but the title vests in B.; and C. has no interest in the land which he can legally enforce.

*Error from Leavenworth District Court.*

ALL necessary facts are stated in the opinion, *infra*. The district court, at the February Term 1875, on motion of *Skinner* and wife, defendants, set aside the levy of an execution on certain lands belonging to a daughter of defendants. *Mitchell*, plaintiff, appeals from such order, and brings the record here for review.

*H. T. Green*, for plaintiff.

*M. L. Ent*, for defendants.

The opinion of the court was delivered by

HORTON, C. J.: On the 12th of February 1873, the defendants in error purchased a farm in Leavenworth county, consisting of 160 acres; in payment therefor they gave certain property in Lawrence, in this state, and executed a mortgage on the farm for $3,333. The defendants, being husband and wife, occupied the farm with their family as a homestead. On September 9th 1874, proceedings were commenced to foreclose the mortgage on the homestead. The defendants not having the money to pay off and satisfy the same, made an arrangement with one Augustus

Statement of the case.

Gates to convey to him their homestead, in consideration that Gates should assume the payment of the mortgage thereon, and convey to Dacotah Skinner, the daughter of defendants, eighteen years of age, a house and lot in Leavenworth City, and a tract of land in Leavenworth county containing 37¾ acres. The arrangements between Gates and the defendants were perfected, and on October 17th 1874 Gates conveyed the house and lot in Leavenworth City, and the 37¾ acres in the county, to Dacotah Skinner, by warranty deed, at the instance of said defendants. Afterward the defendants partially effected a trade of the house and lot and the said 37¾ acres of land with one L. D. Nichols, for a farm of 160 acres of land in Jackson county, which the defendants claim they designed and intended to use as their homestead. Dacotah Skinner, on October 23d 1874, signed and acknowledged a deed for the house and lot, and the 37¾ acres of land, conveying them to Nichols. This deed was never delivered. On November 12th 1874, and before the trade was completed with Nichols, Mitchell, the plaintiff in error, commenced his action in the court below to recover from the defendants $350, and interest. In this action he obtained an order of attachment against the defendants, and had the property conveyed to Dacotah Skinner by Gates, levied upon. The levy was made November 18th, 1874. The defendants never occupied either piece of land attached. The court, on the motion of the defendants, discharged the attached property, "upon the ground that the property was the proceeds of a homestead, and because the affidavit for the attachment was not true." Judgment was taken on default, execution issued, the premises in controversy levied upon; and the court, on motion of the defendants, vacated and set aside the said levy, and all proceedings had thereunder.

The plaintiff in error claims the action of the court below was erroneous, *first,* because the attachment was discharged, and, *second,* because the levy under the execution was vacated and set aside. We have examined the affidavits introduced on the hearing of the motion to discharge the attachment, and

as they fully sustain the finding of the district court, "that the affidavit for the attachment was not true," the ruling of the court in this respect was correct, although, as will be hereafter seen, we do not sustain all the reasons given therefor.

The more important question to be considered is, the action of the court in vacating the levy made under the execution on the property conveyed to Dacotah Skinner. We do not think it is competent for a defendant to move the court to discharge an attachment, or set aside a levy under an execution, on the ground that the property attached, or levied upon, does not belong to him. *Langdon v. Conklin & Martin*, 10 Ohio St. 439. To avoid the effect of this conclusion, the defendants call attention to the decision of this court of *Franklin v. Colley*, 10 Kas. 260, and insist, that as the conveyance was made by Gates to Dacotah Skinner as part of the consideration for the homestead of defendants, under their instructions, that the law implies a trust in favor of the latter parties, and that the daughter, so holding title to the premises levied upon, will be declared a trustee. Unfortunately for the position assumed by the defendants, the record is silent as to any agreement on the part of Dacotah to hold the land in trust for the defendants. She never agreed by parol, or otherwise, to reconvey the tracts in suit to the defendants, or to the person or persons with whom the defendants should trade the same for a homestead. It is true, she signed and acknowledged a deed by which she might have conveyed the land to Nichols; but the deed was never delivered, and hence it was the same as no deed. Section 6, of the act relating to trusts and powers, (Gen. Stat. 1868, p. 1097,) provides: "When a conveyance for a valuable consideration is made to one person, and the consideration therefor paid by another, no use or trust shall result in favor of the latter; but the title shall vest in the former, subject to the provisions of the next two sections." No facts are shown to bring the parties within the exceptions of sections 7 and 8, referred to in sec-

*1. Attachment, or execution, levied on property of stranger, not to be disturbed by defendant.*

*2. Conveyance; when no trust results.*

tion 6. The conveyance to Dacotah Skinner was absolute — was not only made with the full approval of defendants, but at their instance. No trust in favor of defendants is declared in the conveyance, nor is any agreement testified to by any witness on the part of Dacotah. The defendants, upon the facts in the record, under our statute as to implied and resulting trusts, have no interest in the land in the suit which could be legally enforced. The case of *Franklin v. Colley*, above cited, is not in point. It is undoubtedly true, that as the tracts of land were the proceeds of a homestead, Dacotah Skinner might successfully hold the same in opposition to the claims of the creditors of the defendants, but the law does not place her interests in the hands of volunteers, nor permit, in this case, the defendants to intervene in her behalf. The court below committed error in sustaining the motion of the defendants to set aside the levy made upon the property of Dacotah Skinner by virtue of the execution issued against defendants.

The order of the district court setting aside the levy under the execution, is reversed.

All the Justices concurring.