THE CITIZENS' BANK OF GARNETT v. CONSTANCE BOWEN, et al.

1. MORTGAGE OF HOMESTEAD, *Right of Wife to Proceeds of.*   A loan of $1,650 was obtained on the note of B., secured by a mortgage of himself and wife on their homestead.   As B. was insolvent, before signing the mortgage a parol contract was made between B. and his wife, whereby it was agreed and understood that the money procured on the note and mortgage should be paid to her as the consideration for the execution of the mortgage on her part.   The money thus obtained was deposited in the bank in the name of the wife, subject to call.   *Held,* That the incumbering of the homestead by the wife executing the mortgage was a sufficient consideration on her part for the parol agreement; that the money so deposited was the personal property of the wife, and not subject to the demands of creditors of her husband.

2. INTEREST, *When Included in Judgment.*   Where the jury find for the plaintiff in the sum of $1,161.64, with interest at seven per cent. per annum from Jan. 17th, 1877, to date, the court in rendering judgment ought to take into consideration such interest, as the total damages assessed can be computed from the face of the verdict with mathematical certainty.

*Error from Anderson District Court.*

ACTION brought by *Constance Bowen* against the *Citizens' Bank of Garnett* and another, to recover money which the

plaintiff alleged had been deposited with the bank to her credit and subject to her call. The facts appear in 21 Kas. 360–364, and in the subjoined opinion. Trial at the March Term, 1880, of the district court, and judgment for the plaintiff. The defendant brings the case here.

*A. Bergen*, for plaintiff in error.

*H. L. Poplin*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This case was before this court at the July term, 1878, (21 Kas. 354,) and remanded for a new trial. The plaintiff below by an amended reply among other matters alleged, that as the consideration to her to execute the mortgage on her homestead to procure the loan, a parol contract was entered into between Preston Bowen, her husband, and herself, that she should receive the money so procured as hers absolutely, in order to protect her homestead against the mortgage, and that only the net profits arising from the investment of the money were to belong to Preston Bowen, to be applied towards his debt to the Citizens' Bank; that she received the money procured on the note and mortgage as the consideration to her for mortgaging her homestead, and that the money was deposited in the bank as her own. The Citizens' Bank demurred to this amended reply, which was overruled by the court. The issues were submitted to a jury, verdict found in favor of Constance Bowen, and judgment rendered accordingly.

The principal question now is, whether the facts alleged in the amended reply take the case out of the rule laid down in the former decision in 21 Kas., *supra*. All the other material questions submitted, except the form of the verdict and the assessment of the recovery, hinge upon the conclusion to that inquiry. Upon the former hearing in this court, the money obtained upon the note was treated as the personal property of Preston Bowen only; the deposit of the money in the bank in the name of the wife as a mere gift, utterly void; in

view of his insolvency, within § 1, ch. 62, Gen. Stat. 562, and §§ 1, 2, ch. 43, Gen. Stat. 504. The case is now presented in a very different aspect. Under the allegations of the amended reply, Mrs. Bowen incumbered her homestead to the extent of $1,650, subjecting it, as was said in *Sproul v. Atchison National Bank*, 22 Kas. 340, "upon a contingency, to be sold away from her, and herself and family to be driven from the premises, houseless and homeless." Although her surety for her husband, in one sense, may be said to be remote, yet it was of such a character that if the mortgage was not paid, it would inevitably take the homestead. Before signing the mortgage and thus placing property, otherwise exempt, in jeopardy, Mrs. Bowen contracted that the money to be procured on the note and mortgage should be paid to her as the consideration for the execution of the mortgage on her part. The consideration being sufficient between the parties, the agreement was valid, and when the money was paid to her, or deposited in the bank in her name subject to call, in pursuance of the agreement, the money was the property of Mrs. Bowen, and this without contravening the rights of her husband's creditors, because, by her act, it was procured upon a homestead, "toward which the eye of the creditor need never be turned." In *Sproul v. Atchison National Bank*, supra, the land was held or pledged for the payment of the mortgage. In the case at bar, the proceeds of the note and mortgage were turned over to the wife, to be held by her for her protection in the payment of the mortgage. The demurrer was therefore properly overruled, and the issues having been found in her favor, she was entitled to recover the deposit in the bank. We do not decide as to the competency of the evidence of Preston Bowen, objected to, because we do not think it sufficiently prejudicial, whatever view is taken of it, to cause a reversal of the judgment. The other testimony, uncontradicted, was amply sufficient to support the findings and verdict.

One other matter remains: The jury found for plaintiff below in the sum of $1,161.64, with interest at seven per cent

from January 17th, 1877, to date. It is contended that the court could not take the interest into consideration in rendering judgment, and the case of *Ed. Ass'n v. Hitchcock*, 4 Kas. 36, is referred to. In that case the rate of interest was not specified; here, from the face of the verdict, the amount of damages assessed can be calculated with mathematical certainty. See *Wilson v. Means*, ante, p. 83.

The judgment of the district court will be affirmed.

All the Justices concurring.