STINDE v. BEHRENS *et al.*, *Plaintiffs in Error*.

**Homestead**, CONVEYANCE OF: PROPERTY OF WIFE: EXEMPTION.  Where a husband and wife, having a homestead in the state of Kansas, conveyed the same, and in part consideration therefor, their grantee conveyed to the wife land in this State, and by the law of Kansas in force at the time of the conveyances, the homestead was not subject to the debts of either the husband or wife, and could only be disposed of with their joint consent, the conveyance of the land in this State to the wife was not in fraud of creditors, and it could not, therefore, be subjected to the debts of the husband.

*Error to St. Louis Court of Appeals.*

REVERSED.

*Sam'l N. Holliday* for plaintiffs in error.

1.  It is no concern of the creditor to which member of the family, husband or wife, the homestead belongs. Thompson on Homesteads, § 224; *Hixon v. George*, 18 Kas. 253; *Monroe v. May*, 9 Kas. 466.  2.  The Atchison property was the homestead of Rudolph Behrens, his wife and four minor children, and was totally exempt from all process, and could not even be conveyed by him alone nor incumbered, and no creditor could reach it or touch it.  *Morris v. Ward*, 5 Kas. 259; *Dollman v. Harris*, 5 Kas. 597; *Monroe v. May*, 9 Kas. 466; *Moore v. Reeves*, 15 Kas. 150; *La Rue v. Gilbert*, 18 Kas. 222; *Coughlin v. Coughlin*, 26 Kas. 116.  3.  The homestead in Atchison being exempt from execution, the debtor could not commit fraud upon his creditor by disposing of it; he could only commit a fraud on his

creditors by disposing of such of his property as the creditor had the legal right to look to for the payment of his debt. *Hixon v. George,* 18 Kas. 253; *New Orleans v. Morris,* 105 U. S. 600; *Deutzer v. Bell,* 11 Wis. 114; *Pikes v. Miles,* 23 Wis. 164; *Bond v. Seymour,* 1 Chandler (Wis.) 40; *Vaughan v. Thompson,* 17 Ill. 80; *Wood v. Chambers,* 20 Tex. 247, 254; *Cox v. Shropshire,* 25 Tex. 113, 124; *Smith v. Allen,* 39 Miss. 469; *Mortel v. Somers,* 26 Tex. 551; *Lisby v. Perry,* 6 Bush. 515; *Anthony v. Wade,* 1 Bush. 110; *Morton v. Ragan,* 5 Bush. 334; *Foster v. McGregor,* 11 Vt. 595; Bump on Fr. Con., p. 268; Story's Eq. Jur., (6 Ed.) p. 411, § 367, and cases cited; *Sumner v. McCray,* 60 Mo. 493; *Winchester v. Gaddy,* 72 N. C. 115; *Monroe v. May,* 9 Kas. 466; *Hibbern v. Soyer,* 33 Wis. 319; *Stewart v. Wooley,* 2 W. Z. M. 470. 4. The wife has an estate in the homestead in Kansas—a valuable property right. *Helm v. Helm,* 11 Kas. 19; *Brandon v. Brandon,* 14 Kas. 342; *Moore v. Reeves,* 15 Kas. 150; *Wicks v. Smith,* 21 Kas. 412; *Otto v. Sprague,* 27 Kas. 620; *Hixon v. George,* 18 Kas. 253; *Hammond v. Sommer,* U. S. Cir. Ct. 1881, Fed. Reporter, March 28th, 1882, p. 601; *Citizens' Bank v. Bowen,* 25 Kas. 117. 5. The execution of the deed of conveyance of the homestead by the wife, was a sufficient consideration on her part to entitle her to receive the proceeds of the sale as her own property. *Citizens' Bank v. Bowen,* 25 Kas. 117. 6. In no view that can be taken of the matter, in the light of recent Kansas decisions as to the interest of the wife in the homestead, can this court hold that the husband furnished the whole of the consideration, and the plaintiff must fail in this suit.

*Finkelnburg & Rassieur* for defendant in error.

Laws of exemption and homestead have no extra-territorial force, and proceeds of property exempt from execution in another state, are not on that account protected from execution when found in this State. *Boykin v. Edwards,* 21 Ala. 261. When property is sold with intent to

leave the state, the proceeds are not protected by the statute ; the intent to leave the state withdraws therefrom the protection of the statute. *State v. Davis*, 46 Mo. 108 ; *Jordan v. Godman*, 19 Tex. 275 ; *Traweck v. Harris*, 8 Tex. 312 ; *Tenney v. Sly*, 44 Ind. 269 ; *Orr v. Box*, 22 Minn. 485. Rights of homestead and exemption are of favor, and are not vested rights. *Sparger v. Compton*, 54 Ga. 359. And affect only the remedy. *Helfenstein v. Cave*, 3 Iowa 287 ; *Nuvall v. Hayden*, 8 Iowa 140 ; *Morgan v. Neville*, 74 Pa. 52. And are strictly legal rights, not to be extended by mere equitable principles. *Casebolt v. Donaldson*, 67 Mo. 308. A wife has only a privilege, and has no estate, in a homestead in Kansas ; when she consents to a sale, her whole interest is gone, no matter what motive she had in consenting. *Inness v. Cutter*, 12 Kas. 516. The Kansas lands having been sold in the case at bar, with intent to leave the state, the proceeds became subject to the judgment of plaintiff, and could not be given away or concealed, with fraud committed against him. Homestead in Missouri is not exempt from debt contracted before the filing of the deed of the homestead property. Wag. Stat., 699. Unless it be brought within the proceeds of a prior homestead exempt from such debt under the laws of Missouri.

HOUGH, C. J.—In 1874 the defendants, as husband and wife, occupied, as a homestead, certain property in the town of Atchison, Kansas, the legal title to which, was vested in the defendant, Rudolph Behrens. After the acquisition of said property, as a homestead, said Rudolph became indebted to the plaintiff, and being so indebted, he and his wife, Wilhelmina, in September, 1874, conveyed said homestead to Anna M. Gusching, and in payment therefor, said Anna and her husband conveyed to the defendant, Wilhelmina, in fee, lots 60, 61, 62 and 63, in block 71, in the city of Carondelet, and also, paid to her $600 in money, and assumed a mortgage of $300 on the Atchison property. In 1875 the plaintiff recovered a judgment against Rudolph

Behrens on the indebtedness aforesaid, and at a sale, under execution, issued on said judgment, purchased all the right, title and interest of said Rudolph, in and to said lots in Carondelet, conveyed to said Wilhelmina, and, thereupon, instituted the present suit to set aside the conveyance of said lots to Wilhelmina, as having been made in fraud of the rights of the creditors of said Rudolph Behrens, her husband, and to invest himself with title thereto. The circuit court rendered judgment for the defendants, which was reversed by the court of appeals.

If the consideration for the property conveyed to Mrs. Behrens was property of her husband, to which creditors had a right to resort for the payment of their debts, then the plaintiff had a right to subject the property, so conveyed to her, to the satisfaction of his judgment; otherwise he had not. By the laws of Kansas, which were in evidence before the referee by whom the cause was heard, Rudolph Behrens could neither convey nor encumber the homestead, which was the consideration for the Carondelet property, without the consent of his wife, although he may have paid the entire consideration for such homestead, and have taken the title in his own name. It was not subject to the debts of either husband or wife, and could only be disposed of with the joint consent of both. What the precise nature of the right or interest of the wife in and to the homestead is, it is unimportant to inquire. The supreme court of Kansas has declared that, although it may be difficult of definition it is, nevertheless, an estate in the land; an existing interest, with the right to immediate enjoyment. *Helm v. Helm*, 11 Kansas 19; *Coughlin v. Coughlin*, 26 Kansas 116. And this right of enjoyment is the right to the enjoyment of the whole estate. And it has been held, in effect, by the supreme court of Kansas, that the conveyance by the wife of her interest in the homestead, is a sufficient consideration for the transfer to her, in her own right, of the proceeds of such conveyance.

In the case of *Citizen's Bank v. Bowen*, 25 Kansas 117,

17—81

it appeared that one Bowen and his wife were possessed of a homestead, and mortgaged the same for $1,650, which sum was paid to the wife. Bowen being in debt, and insolvent, his creditors attempted to subject the proceeds of the mortgage, in the hands of Mrs Bowen, to the satisfaction of their demands. The court said: "Before signing the mortgage, and thus placing property, otherwise exempt, in jeopardy, Mrs. Bowen contracted that the money to be procured on the note and mortgage should be paid to her, as the consideration for the execution of the mortgage on her part. The consideration being sufficient between the parties, the agreement was valid, and when the money was paid to her, or deposited in the bank in her name subject to call, in pursuance of the agreement, the money was the property of Mrs. Bowen, and this without contravening the rights of her husband's creditors, because by her act it was procured upon a homestead, towards which the eye of the creditor need never be turned." No question was made in that case as to the relation which the sum realized on the mortgage bore to the value of the property, and the decision of the court seems to have been made independently of, and without regard to, any such consideration. The same ruling would, doubtless, have been made, if the sum realized on the mortgage had equalled the value of the estate.

In the case before us, the exchange of deeds was made at the homestead of the defendants, and while it was being occupied by them as such, and was consented to by Mrs. Behrens upon the express condition that the property to be received in consideration for the conveyance of her homestead, should be conveyed to her. We do not feel called upon to condemn the provident spirit manifested by her in thus stipulating for a home for the family. There is no pretense that the homestead had, in any way, been abandoned as a homestead, before the exchange took place; at the time it was sold the defendants were citizens of Kansas, and no statute of Kansas was offered in evidence, nor have we been referred to any decision of the supreme court of

that state, which holds, that the conveyance of a home-
stead in Kansas in exchange for property in another state,
is such an abandonment of the homestead, or fraudulent dis-
position thereof, as to render the homestead subject to the
claims of creditors.    The conveyance of the homestead
then being valid, as against creditors, and the interest of
the wife therein being such, that she could lawfully stipu-
late that the proceeds should be paid to her, as and for her
own property, it cannot be said that any property which
was subject to the demands of creditors, has been with-
drawn from their reach, and the conveyance to Mrs. Beh-
rens cannot, therefore, be said to be in fraud of creditors.

The judgment of the court of appeals will, therefore,
be reversed and the cause remanded to that court, with
directions to enter a judgment affirming the judgment of
the circuit court.    All the judges concur.