## KERSHAW v. WILLEY.

No. 2090, Okla. T.   Opinion Filed November 23, 1908.

(98 Pac. 908.)

1.   **FRAUDULENT CONVEYANCES—Deed of Homestead to Wife.**
     A creditor of the husband cannot inquire into the good faith of
     the husband in deeding a homestead to his wife.

2.   **SAME—Sale of Homestead—Use of Proceeds.**  The spirit of the
     homestead law is to protect the wife and family against the im-
     providence of the head of the family, as well as against urgent
     creditors, and no one can complain if the wife of an insolvent
     husband refuses to sign a deed for the sale of the homestead until
     her husband agrees that the money procured as the proceeds
     of such  sale may be transferred to her, and the execution of such
     deed by her is ample consideration to support the transaction.

(Syllabus by the Court.)

*Error from Probate Court, Garfield County; M. C. Garber, Judge.*

Action by Una B. Willey against James S. Kershaw.   Judg-
ment for plaintiff, and defendant brings error.   Affirmed.

*Moore & Moore,* for plaintiff in error.
*Rush & Steen,* for defendant in error.

KANE, J.   This was an action in replevin brought by the de-
fendant in error, plaintiff below, against the plaintiff in error, de-
fendant below, in the probate court of Garfield county, to recover
possession of certain specific personal property.   The answer of
the defendant was a general denial.   The case was tried to a
jury, which returned a verdict in favor of the plaintiff, upon
which judgment was duly entered.   The defendant took the case
to the Supreme Court of the territory of Oklahoma by petition in
error, and it came into this court under the terms of the Enabling
Act (Act June 16, 1906, 34 Stat. 267, c. 3335) and Schedule to
the Constitution.

On the trial, part of the facts were stipulated as follows:

"It is stipulated by and between the parties hereto that on

August 29, 1903, the defendant, James S. Kershaw, was the duly elected, qualified, and acting sheriff of Garfield county, Okla. T., and, as such officer, held for levy and collection against the property of one W. J. Willey an execution from the office of the clerk of the district court of said Garfield county, issued and delivered by said clerk to said Kershaw, as sheriff aforesaid, on the 25th day of August, 1903, commanding him to levy of the goods and chattels of the said W. J. Willey the sum of one hundred and twelve dollars debt, the sum of seventeen and 20/100 dollars as costs, the sum of twenty-four and 75/100 dollars as accrued interest to said date, and the sum of one and 50/100 dollars as accrued costs and the accruing costs in said execution. That said execution was issued upon a valid and unsatisfied judgment of record in the amounts named in said court in a certain cause therein entitled, 'D. M. Osborne & Co., a Corporation, Plaintiff, vs. W. J. Willey, Defendant'; that said judgment was rendered by the probate court of said Garfield county on November 12, 1900, in which action said W. J. Willey had been personally served with summons and had entered his appearance in said cause; that no appeal was taken from said judgment, and that an abstract of same was filed in the office of said district clerk on the —— day of ———, 1903. That on August 29, 1903, the defendant, Kershaw, by his undersheriff, Andrew Morrison, levied said execution on the six vehicles inventoried in this action as the property of said W. J. Willey, from whose possession the same were taken, and sold at execution sale by said Kershaw. That prior to the commencement of this suit on August 29, 1903, the plaintiff demanded of said Kershaw the surrender to her of said property, which demand was by said Kershaw refused. That the property was appraised at the time of the levy, as follows: One surrey at $75; one piano box buggy at $50; one piano box buggy at $40; one spring wagon, $20; one piano box and spring buggy, $75; one piano box and spring buggy, $75."

The contention of plaintiff was to the effect that some years before bringing this suit she and one W. J. Willey became husband and wife; that prior to their marriage said W. J. Willey acquired title under the homestead laws of the United States to 160 acres of land; that prior to acquiring such title from the government he became indebted to D. M. Osborne & Co., which

indebtedness was afterwards reduced to a judgment; that after the marriage they established their residence upon the land, and the same became their homestead under the homestead laws of Oklahoma Territory; that after their marriage she inherited 20 acres of land, which she afterwards sold for $656, and entered into a contract with her husband to invest the same in stock and improvements upon their homestead; that by the terms of said agreement said land was to be occupied by husband and wife as a homestead, and in the event the same should be sold the proceeds from such sale should become the property of the wife; that the land was afterwards sold, and the plaintiff refused to sign the deed therefor until the terms of said contract were carried out, and the purchase price of said lands paid to her as her individual property; that this money was afterwards invested by her in the property which was levied upon by the defendant to satisfy the judgment against her husband in favor of D. M. Osborne & Co., and the replevin suit was brought for the purpose of recovering such property. There was evidence reasonably tending to support this contention, and, if the facts established constitute a cause of action, the verdict of the jury must be sustained.

Counsel for plaintiff in error cites a line of authorities to the effect that a purchase of real or personal property made by the wife during coverture is justly regarded with suspicion, and in contest with creditors of her husband the burden of proof is upon her to show affirmatively and distinctly that she paid for it with funds not furnished by her husband. We recognize this rule of law as sound and salutary, but do not believe that the case at bar falls within it. The error into which counsel falls is occasioned, no doubt, by treating the homestead as any other property, and overlooking the contract entered into between the plaintiff and her husband at the time of the investment of her inheritance in stock and improvements for the homestead, and her refusal to sign the deed conveying away the homestead until the money arising from such conveyance should be paid to her as her individual

property. The same rule does not apply to exempt property in relation to its disposal as to unexempt property, which is always subject to the payment of debts. It has been held that the husband can transfer exempt property without consideration, and his creditors cannot complain (*Hixon & Co. v. George et al.*, 18 Kan. 253); and that a debtor in the disposition of his property can commit a fraud upon his creditors only by disposing of such of his property as the creditor has a legal right to look to for his pay (*Hixon & Co. v. George et al., supra; Morris v. Ward*, 5 Kan. 239; *Monroe et al. v. May et al.*, 9 Kan. 466; *Mitchell v. Skinner et al.*, 17 Kan. 563; *Sproul et al. v. Atchison Nat. Bank*, 22 Kan. 336); and that a creditor of the husband cannot inquire into the good faith of the husband in deeding a homestead to his wife (*Merchants' Nat. Bank v. Kopplin*, 1 Kan. App. 599, 42 Pac. 263).

The exact question involved in the case at bar was before the Supreme Court of Kansas in *Citizens' Bank of Garnett v. Constance Bowen et al.*, 25 Kan. 117, the syllabus of which reads as follows:

"A loan of $1,650 was obtained on the note of B., secured by a mortgage of himself and wife on their homestead. As B. was insolvent, before signing the mortgage, a parol contract was made between B. and his wife, whereby it was agreed and understood that the money procured on the note and mortgage should be paid to her as the consideration for the execution of the mortgage on her part. The money thus obtained was deposited in the bank in the name of the wife, subject to call. Held, that the incumbering of the homestead by the wife executing the mortgage was a sufficient consideration on her part for the parole agreement; that the money so deposited was the personal property of the wife, and not subject to the demands of creditors of her' husband."

The spirit of the homestead law is to protect the wife and family against the improvidence of the head of the family, as well as against urgent creditors, and no one can complain if the wife of an insolvent husband refuses to sign a deed for the sale of the homestead until her husband agrees that the money procured as

the proceeds of such sale may be transferred to her, and the exe-
cution of such deed by her is ample consideration to support the
transaction.   But aside from this consideration, the wife in this
case advanced to her husband her inheritance, amounting to $650
or more, in pursuance of the same contract.

The judgment of the court below is affirmed.

All the Justices concur.