## HENRY SCHROEDER v. H. C. GOHDE and Another.[1]

November 28, 1913.

Nos. 18,300—(89).[2]

Sale of homestead for benefit of wife — creditors of husband.

Where a husband, in order to induce his wife to join in the sale of the family homestead, agrees that she shall receive the proceeds of the sale, the agreement is valid, and the transaction is not fraudulent as to creditors of the husband. They have no claim upon the homestead property, and this agreement as to the disposal of the land and its proceeds is of no concern to them.

Action in the district court for Faribault county against Henry C. Gohde and Louise Gohde to determine that the taking of a certain

[1] Reported in 144 N. W. 152.          [2] October, 1913, term calendar.

promissory note secured by mortgage by defendant Louise as payee and mortgagee was fraudulent and void as to plaintiff; that she account for the note and mortgage and the proceeds arising from the collection thereof, and that defendants be restrained from disposing or interfering with the same or the proceeds thereof, except under the direction of the court. The answer, among other matters, alleged that in the year 1896 defendants moved upon the land, which then became their homestead and continued to be at all times thereafter such homestead up to the date of the conveyance thereof; that each of them continued to reside upon the land and occupy it as their homestead; that defendant Louise furnished all the moneys for the erection of all buildings and the making of all improvements on the land and in fact operated and managed it at all times since its purchase by her, claiming to be the owner thereof. The facts are stated in the opinion. The case was tried before Quinn, J., who, when plaintiff rested, denied defendants' motion to dismiss the action, and who made findings and ordered judgment in favor of defendants. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Conant & Conant,* for appellant.

*D. L. Morse* and *Putnam & Carlson,* for respondents.


HALLAM, J.

About 1890 defendant Louise Gohde entered into a written contract to purchase 80 acres of land for $1,520. She paid down $200 of her own money. Thereafter, at different times, she made payments amounting to $320 and interest. In 1894 the vendor gave a warranty deed conveying the land to her husband, the defendant Henry C. Gohde, and took back a purchase money mortgage for $1,000. Defendant Louise Gohde believed the deed was made to her, and did not learn otherwise until long afterwards. In 1896 defendants built a house and made other improvements upon the land, and thereafter occupied it as the family homestead down to and including the first day of March, 1911. During the whole period, from the time the land was purchased until the family left it, defendant Louise worked the farm, with the assistance of the

sons of defendants, and sometimes with hired help. The money used to make payments on the purchase price and to pay for improvements made was the product of her husbandry. Defendant Henry prior to 1900 had other occupation, and after 1900 had little capacity for labor by reason of the loss of a hand.

In September, 1910, defendants entered into a contract to sell the land to one Morell for $7,600. Defendant Louise refused to sign the contract unless defendant Henry would agree that all of the proceeds of the sale should be paid to her. Defendant Henry so agreed, and, in accordance with such agreement, she signed the contract. A first payment of $1,000 was then made, and that amount she received. In March, 1911, a second payment of $600 was made to her, and a deed was executed to Morell. A purchase money mortgage was to be given for the balance. Defendant Louise refused to sign the deed unless the mortgage was made to her. Thereupon Morell executed to her the purchase money mortgage for $6,000. This mortgage was dated March 1, but was acknowledged March 7, 1911.

During 1910 and 1911, and prior thereto, plaintiff was a creditor of defendant Henry. He held a note for money loaned to one Bieri in which defendant Henry had joined as surety. On October 3, 1911, the note being still unpaid, plaintiff recovered judgment against defendant Henry for the amount due, with interest. An execution was issued and returned wholly unsatisfied. This action was then brought for the purpose of subjecting the proceeds of the sale of the land to the payment of the judgment. The trial court gave judgment for the defendants, and plaintiff appeals.

This judgment should be sustained.

Defendants contend that the land at all times, in equity and good conscience, belonged to defendant Louise, by reason of the manner in which it was purchased, operated and paid for. There is some force to this contention, but we do not deem it necessary to rest our decision on this ground.

We are of the opinion that the contract which these defendants made when they were about to sell this land was a valid contract. Defendant Louise had a valuable homestead right in this land. The

right had proved a profitable one for her. It had returned to her and her family a safe living and a profit. She was entitled to enjoy this right as long as she lived. Her husband could not take it from her. No creditors could lay hands upon it. Beyond a doubt her husband could have transferred this land to her, and no creditors could have complained. Morrison v. Abbott, 27 Minn. 116, 6 N. W. 455; Keith v. Albrecht, 89 Minn. 247, 94 N. W. 677, 99 Am. St. 566. This would have vested in her the right to the proceeds in the event of a sale. What the parties did do accomplished this same result in another way. When the defendant Henry, in order to induce his wife to join in the sale of the family homestead, agreed that she should receive the proceeds of the sale, he committed no fraud upon his creditors and the agreement was valid both in law and in equity. This position is just and reasonable and is amply sustained by authority. Blake v. Boisjoli, 51 Minn. 296, 299, 53 N. W. 637; Officer v. Evans, 48 Iowa, 557; Jones v. Brandt, 59 Iowa, 332, 10 N. W. 854, 13 N. W. 310; The Citizens Bank of Garnett v. Bowen, 25 Kan. 117; Stinde v. Behrens, 81 Mo. 254; Kershaw v. Willey, 22 Okla. 677, 98 Pac. 908; Blum v. Light, 81 Tex. 414, 16 S. W. 1090. The controlling fact in such a case is that creditors are no worse off than they were before. They had no claim upon the homestead property, and the agreement which these parties made was of no concern to them. "Creditors have no right to complain of dealings with property which the law does not allow them to apply on their claims." Anderson v. Odell, 51 Mich. 492, 493, 16 N. W. 870, 871.

Plaintiff contends that the transaction with Morell was not closed, and that the purchase money mortgage was not given until after defendants had given up possession of the land, on March 1, 1911; that it was then no longer their homestead, and that they could not deal with the portion of the price then unpaid as the proceeds of the sale of a homestead. We do not agree with this contention. The land was the homestead of defendants in September, 1910, when the defendant Henry agreed to give his wife the proceeds of the sale to induce her to sign the contract. It was their homestead in March, 1911, when he made the same agreement to induce her to sign the

STATE EX REL. RAILROAD & W. COM. V. GREAT N. RY. CO.    463

deed, and up to the time when the deed was in fact given. We do not deem it important whether the mortgage was delivered simultaneously with the deed or not. It was part of the same transaction. and was equally the proceeds of the sale of the homestead whether it was delivered at the time the sale was closed, on March 1, or a few days after the sale had been closed.

Judgment affirmed.