## COOK v. CARTER et al.

No. 1831—Opinion Filed Oct. 3, 1916.

(160 Pac. 877.)

**1. Fraudulent Conveyances—Transactions Invalid——Property Transferred.**

A debtor in the disposition of his property can commit a fraud upon his creditors only by disposing of such of his property as the creditor has a legal right to look to for his pay.

**2. Exemptions—Sales—Rights of Creditors.**

The sale of personal property, "exempt from execution or liens," does not render such property subject to attachment in an action upon an unsecured claim against the vendor.

(Syllabus by Galbraith, C.)

Error from County Court, Tillman County; T. E. Campbell, Judge.

Action by Wm. Cook against F. C. Carter and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions.

McGuire & Candill, and Louis P. Mosier, for plaintiff in error.

Mounts & Davis, for defendants in error.

Opinion by GALBRAITE, C. This was an action in replevin instituted in the justice of the peace court, involving the ownership and right to the possession of the following household goods, to wit:

"One extention table, one stand table, one iron bed, one cot, one steel cot, one set of bed springs, and four dining chairs, of the value of $15."

There was judgment for the plaintiff. On appeal to the county court there was a trial de novo upon an agreed statement of facts.

It appears that the property involved was in the possession of and being used by one Rice, who was the tenant of the defendant in error Caldwell, and that Rice was indebted to Caldwell for rent in the sum of $15; that Caldwell brought suit on this claim and caused an order of attachment to issue, and the goods in controversy to be seized thereunder. It is further agreed that prior to the seizure of these goods under the order of attachment Rice had sold them to the plaintiff in error, Cook, and had received the full purchase price, but had retained the possession of the property, and had paid rental thereon; that after the property was seized Cook commenced this action to recover possession of it from Caldwell, and the constable who served the writ of attachment. It is also agreed:

"That said property was household furniture and, while owned by said Rice, was exexempt from execution or lien."

The county court found for the defendants, and rendered judgment in their favor for costs. From that judgment, an appeal has been prosecuted to this court.

Two errors are set out in the petition in error, and these involve the same question. namely, that the judgment is not sustained by the evidence, and is contrary to law.

It is contended on behalf of the plaintiff in error that the property involved was exempt property and not subject to execution or lien, and therfore the creditor, Caldwell, had no right to question the sale of the property made by Rice to Cook. On the other hand, it is contended that although the property was exempt while Rice owned it, when he sold it he committed a fraud against his

creditors, and the property immediately became subject to attachment by his creditors.

The exemption statute in force at the time this action arose (section 3346, Snyder's Statutes) declares:

That exempt property "shall be reserved * * * from attachment or execution and every other species of forced sale for the payment of debts. * * *"

The Supreme Court of Oklahoma Territory held in Irwin v. Walling, 4 Okla. 128, 44 Pac. 219, that giving a mortgage on exempt property did not operate as a waiver of the exemption given by statute. That holding has not since been departed from in this jurisdiction. The creditors of Rice could have no interest in his exempt property. He might sell it or give it away if he chose to do so, and none of the creditors' rights were invaded or abridged.

In Chandler v. Colcord, 1 Okla. 260, 275, 32 Pac. 330, 335, the court said:

"The law is well settled, that a creditor, who has no lien on the property covered by a chattel mortgage, cannot be permitted to assail the validity of the mortgage on the ground that it was made with intent to hinder, delay, and defraud the creditors of the mortgagors. In order to do so, he must not only obtain a judgment, but must have a valid execution against the property of the mortgagor."

The supreme Court of Kansas in Rice v. Nolan, 33 Kan. 28, 5 Pac. 437, in answer to the contention that giving a mortgage on exempt property waived the exemption, said:

"This claim is not tenable. Such a ruling would in effect be a diminuation of the benefit given by the statute to the debtor. If the exeption could be thus limited, and the lien upon the property should be nearly or quite equal to its value, the beneficent purpose of the Legislature in giving the exemption would be defeated. Where he gives chattel mortgages upon exempt property, he only waives the right of exemption to the extent of the mortgages given, and they do not affect his rights against any one except the mortgages."

In Kershaw v. Willey, 22 Okla. 677, 689, 98 Pac. 908, 909, the court said:

"The same rule does not apply to exempt property in relation to its disposal as to unexempt property, which is always subject to the payment of debts. It has been held that the husband can transfer exempt property without consideration, and his creditors cannot complain (Hixon & Co. v. George et al., 18 Kan. 253); and that a debtor in the disposition of his property can commit a fraud upon his creditors only by disposing of such of his property as the creditor has, a legal right to look to for his pay" (citing cases).

Since it is agreed that the property in-

volved in this suit was "exempt from execution or liens," it follows that Rice's unsecured creditors had no interest in it and no right to question the sale of it, and that the property was not subject to Caldwell's attachment, and could not be made subject to the payment of his debt; therefore he had no interest in the sale of the property from Rice to Cook, and could not question the regularity of the same. It follows, therefore, that the judgment of the trial court was contrary to law, and was not supported by the evidence, and that the judgment appealed from should be reversed.

Since the amount involved in this action is so small, and it has been pending so long, and the facts were agreed to by the parties, it seems that every consideration should constrain us to end this litigation here and now.

The judgment appealed from is therefore reversed, and the cause remanded, with directions to the county court of Tillman county to vacate its judgment in favor of the defendants in error, and to enter judgment in favor of the plaintiff in error for the return of the property involved, or for its value and interest thereon from the date of the seizure, and for costs.

By the Court: It is so ordered.