## M. HOFFMAN V. ANDREW HILL.

1. HOMESTEAD — *Alienation* — *Lien* — *Joint Consent.* Except for taxes, purchase-money, and improvements, no alienation of the homestead of a husband and wife can be effected, nor any lien or incumbrance placed thereon, except by the joint consent of the husband and wife.

2. ——— *What Constitutes.* And it makes no difference that the homestead, or a part thereof, may be used for some other purpose than as a homestead, where the whole of it constitutes only one tract of land not exceeding in area the amount permitted to be exempted under the homestead exemption laws, and where the part claimed as not a part of the homestead has not been totally abandoned as a part thereof by making it, for instance, another person's homestead or a part thereof, or by using it or permitting it to be used in some other manner inconsistent with the homestead interests of the husband and wife.

*Error from Russell District Court.*

THE opinion states the facts.

*H. G. Laing,* for plaintiff in error.

*Harry L. Pestana,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The only question involved in this case is, whether lot number 5, in block number 16, in the city of Bunker Hill, in Russell county, was and is exempt as a homestead from a certain attachment and judgment and order of sale. The attachment was levied upon the property on June 30, 1888. The judgment was rendered on October 8, 1888, and the property was sold on an order of sale issued on such judgment on January 26, 1889; and on March 2, 1889, Andrew Hill, who was the defendant below and the judgment debtor, and who is now the defendant in error, moved the court to set aside the sale, upon the ground "that at the time of the rendition of said judgment, said lot 5, block 16, was, and for a long time prior thereto had been and ever since has been, a part of the homestead of said defendant and his family, used and occupied as such, and exempt from seizure and sale by virtue of process issued on said judgment." The court sustained the motion, and the plaintiff, M. Hoffman, brought the case to this court for review.

As the court below found in favor of Hill, the party claiming the property as his homestead, and against Hoffman, the party claiming under the attachment, the judgment, the order of sale, and the sale, it will be proper for this court to construe the evidence introduced upon the motion to set aside the sale liberally, for the purpose of upholding the views of the court below; and construing the evidence in this manner, we think the facts of the case are substantially as follows: For several years prior to the levy of the aforesaid attachment, Hill was the owner of lots numbers 5 and 6, in block number 16, in the city of Bunker Hill. These lots adjoined each other and constituted only a single tract of land, and together contained only about one-eighth of an acre. Hill was the head of a family consisting of himself, his wife, and an adopted daughter. There was a building on lot number 6, the porch of which extended over the boundary line between the two lots and onto lot number 5, which building Hill and his family

occupied and used as a residence, and also as a hotel and board-ing-house.  There was also a building on lot number 5 which Hill and family used in connection with their residence, hotel, and boarding-house.  There were also out-buildings partly on both lots.  Hill and his family in fact used these two lots to-gether as a homestead and for hotel and boarding-house pur-poses; and this they had done for several years prior to the levy of the aforesaid attachment, and they still occupy the same for such purposes.  Hoffman claims that the property is not a homestead under the provisions of the homestead exemption laws, for several reasons; but none of them are tenable.  He also claims that the question as to whether the property was a homestead or not had been previously determined by the court upon a motion to dissolve the attachment, and had therefore be-come *res adjudicata*.  But the motion to dissolve the attach-ment was not based upon the ground that the property was a homestead, nor did it in any manner present any such ground; and it was not filed or prosecuted by Hill and wife, but by Hill alone.  Mrs. Hill was not a party to the action, nor did she make any appearance in the case; and it does not appear that she ever consented to the attachment or the judgment or the order of sale or the sale.  The motion to discharge the at-tachment was based upon the ground that the grounds for the attachment were not true.

We think the decision of the court below in this case must be affirmed.  It has uniformly been held by this court, from the decision made in the case of *Morris v. Ward*, 5 Kas. 239, in 1869, down to the present time, that, except for taxes, pur-chase-money, and improvements, no alienation of the home-stead of a husband and wife could be effected, nor any lien or incumbrance placed thereon, except by the joint consent of the husband and wife.  And it follows from the decisions made by this and other courts of last resort that it makes no difference that the homestead or a part thereof may be used for some other purpose than as a homestead, where the whole of it constitutes only one tract of land not exceeding in area the amount permitted to be exempted under the homestead

exemption laws, and where the part claimed as not a part of the homestead has not been totally abandoned as a part thereof by making it, for instance, another person's homestead or a part thereof, or by using it or permitting it to be used in some other manner inconsistent with the homestead interests of the husband and wife. (Thomp., Homesteads and Ex., § 120, and cases there cited; *Hogan v. Manners*, 23 Kas. 551; *Morrissey v. Donohue*, 32 id. 644; *Rush v. Gordon*, 38 id. 535; *Bebb v. Crowe*, 39 id. 342; *Lazell v. Lazell*, 8 Allen, 575; *Mercier v. Chace*, 11 id. 194; *In re Tertelling*, 2 Dill. 339.)

We do not think that it is necessary to discuss any of the other points presented by counsel. The judgment of the court below will be affirmed.

All the Justices concurring.