### W. L. LAYSON *et al.* v. THOMAS A. GRANGE.

WHOLE PROPERTY, *a Homestead.* Where a debtor owns a house and three lots, containing less than one acre, within the limits of a city, upon which he resides with his family, and also had a carpenter shop which he afterward converted into rooms, which he rented to a family but did not lease any portion of the ground, but simply gave the tenant the right of ingress and egress to and from the premises, and reserved the basement to such building for his own use, as well as the lot upon which the building was situated, *held,* that the whole property is a homestead, and as such is exempt from forced sale upon execution.

*Error from Shawnee District Court.*

THE opinion herein, filed April 9, 1892, contains a sufficient statement of the case.

*Bradford & Huron,* for plaintiffs in error.

*G. C. Clemens,* for defendant in error.

Opinion by GREEN, C.: The question presented by the record in this case is one of homestead exemption. Thomas A. Grange owned three lots adjoining each other on Lime street, in the city of Topeka. The tract contained less than one acre. He resided on these lots with his family, in a house located upon the north subdivision. Across the rear end of the three lots he had a corral fenced off for his cow and horse. His well, cistern, coal-house and other out-buildings were all located upon the same number as his house. Upon the south lot the defendant in error had a building which he had used for several years as a carpenter shop. Having met with an accident which incapacitated him from working at his trade as a carpenter, he procured some lumber and raised the roof of the shop, and converted it into a story-and-a-half house containing four rooms, which he rented to a family for $10 per month, reserving the basement, in which he manufactured hominy during the winter season. The tenant procured water from Grange's well and cistern, and

kept his coal in a chicken house back of the latter's residence. Grange reserved the entire ground, so that the tenant only had the right of ingress and egress to and from the rented premises. Some six months after the building had been occupied by the tenant, the plaintiff in error levied an execution upon the south lot, and it was sold and bid in by the judgment creditor. The defendant in error then commenced an action to restrain the plaintiff in error from proceeding further, and upon a final hearing the court below granted a perpetual injunction.

The only question presented is, whether or not the property levied upon was exempt as the homestead of the defendant in error. The language of the constitution is that—

"One acre within the limits of an incorporated town or city, occupied as a residence by the family of the owner, together with all the improvements on the same, shall be exempt from forced sale under any process of law, and shall not be alienated without the joint consent of the husband and wife, when that relation exists." (Const., art. 15, § 9; Gen. Stat. of 1889, ¶ 235.)

It seems to be conceded that the three lots would have been exempt so long as the carpenter shop was used as such by the defendant in error. Did the remodeling of the building and the renting of it change the homestead right? It must be observed that under the findings of the trial court the claimant of the homestead right reserved the land, and only leased the four rooms; he still retained all of the ground and the use of the basement. It was the same as if he had rented rooms in his house to a family, except that the building rented was detached from the house actually occupied by the debtor and his family. It has been decided by this court that the homestead character is not destroyed where a part of a building is leased to another for a purpose not inconsistent with the homestead right. We think the principle is the same where the rooms rented are in a detached building upon exempt property.

Counsel for plaintiff in error rely upon the case of *Ashton v. Ingle*, 20 Kas. 670, to support their claim that the property

levied upon is not exempt. To this claim it is sufficient to say that in that case this court said —

"Where houses and lots are rented for a money rent, . . . with the intention that such houses and lots shall become the homes and residences of such tenants and their families, and they actually do become the homes and residences of such tenants and their families, the owner certainly cannot then claim that such houses and lots are a part of his own residence, although they may adjoin the same."

In this case no land was leased. The defendant in error still retained the possession of all of his ground.

The supreme court of Illinois, in the case of *Stevens v. Hollingsworth*, 74 Ill. 202, said:

"The intention of the legislature in enacting the homestead exemption law was not to save a mere shelter for the debtor and his family, but it was to give him full enjoyment of the whole lot of ground exempted, to be used in whatever way he might think best for the occupancy and support of his family, whether in the way of cultivating it, or by the erection of buildings upon it, either for carrying on his own business or for deriving income in the way of rent."

This court has recently held that it makes no difference if a part of the homestead has been used for some other purpose, not inconsistent with the owner's homestead interests, where the part claimed as not being a part of the homestead has not been totally abandoned by the debtor. (*Hoffman v. Hill*, 47 Kas. 611; 28 Pac. Rep. 624. See also *Bebb v. Crowe*, 39 Kas. 342; *Rush v. Gordon*, 38 id. 535; *Morrissey v. Donohue*, 32 id. 646; *Hogan v. Manners*, 23 id. 551; *Lazell v. Lazell*, 8 Allen, 575; *Mercier v. Chace*, 11 id. 194; *In re Tertelling*, 2 Dill. 339; Thomp., Homest. & Ex., § 120; *Hubbell v. Canady*, 58 Ill. 435.)

We think the lot levied upon and sold is exempt, and that the confirmation was properly enjoined.

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.