THE MILFORD SAVINGS BANK *et al.* v. FLORA E. AYERS *et al.*

HOMESTEAD —*Extent*—*Judgment Lien*. Where a debtor owns a house and two town lots, each 25 feet front and 150 feet deep, and on the rear of two said lots is a building 20 feet wide and 50 feet long, used by other persons than the owner of said lots as a carpenter shop, and the owner occupies said house and lots with her family, the whole of said lots is a homestead, and no part of the same is subject to forced sale on a judgment rendered against the owner. (The case of *Layson v. Grange*, ante, p. 440, cited and followed.)

*Error from Osage District Court.*

SUIT by the Milford Savings Bank, Edwin Scott and John Brier against Flora E. Ayers, J. H. Ayers, H. A. Billings, Sarah E. Billings, S. L. Billings, Olive H. Billings, Charles A. Bailey, Fannie J. Bailey, and D. F. Coon, to enforce a mortgage against real estate. On a judgment for defendants, at the June term, 1889, plaintiffs bring error.

*J. B. Larimer,* and *Pleasant & Pleasant,* for plaintiffs in error.

*L. T. Wilson,* for defendants in error.

Opinion by SIMPSON, C.: While several questions are discussed in the briefs of counsel on both sides as to numerous alleged errors, we think the homestead question is the controlling one, and shall pay no attention to the others. The material facts are, that Flora E. Ayers secured a deed to lot No. 13, in block 29, in Lyndon, Osage county, on the 3d day of July, 1885, with the intention of building a house thereon and making it her homestead, and as a matter of fact held possession under a contract of purchase since April. She built her house and subsequently bought the adjoining lot, No. 14, in the same block, and a cistern or well that supplied the family with water was located on lot 14. Her title to lot 14 dates from the 16th day of June, 1886. Both lots were inclosed together, and were never separated by a fence, but were used by Flora E. Ayers and her family as a homestead from date of purchase until October, 1887. In March and April, 1885, a house was built on lot 13 by Flora E. Ayers, and about the middle of April, 1885, said house and premises were occupied by Flora E. Ayers and family as a homestead, who continued to occupy this lot and lot 14 from the date of its purchase until October, 1887, as such homestead. When lot 14 was purchased, there was a small frame building on it used as a carpenter shop. Some time in the summer of 1886 and before the mortgages, upon which this suit is brought, were

made, this building was moved to the back part of the lot and an addition built thereto by the owner, making a building 20 by 50 feet, which was used by George Ayers, a brother of J. H. Ayers, who was the husband of the owner, Flora E. Ayers, and one Samuel Collins, as a carpenter shop, with the consent of Flora E. Ayers. There was no regular lease to them and no rent was paid to the defendant, Flora E. Ayers, for the use of said premises, but some improvements were made, such as digging a cistern, setting out some trees, and making repairs on the family residence on the two lots.

Under the judgment obtained by Victor B. Buck & Co. on the 6th day of August, 1885, and alleged to have been assigned to the defendant D. F. Coon, and the judgment obtained by the defendant D. F. Coon on the same day, an execution was issued and all of said premises were sold by the sheriff of Osage county, and bid in by said defendant D. F. Coon, and the sale confirmed, and a sheriff's deed executed to said Coon, these proceedings all occurring after this foreclosure suit was commenced. The court below sustained the judgment lien of said defendant D. F. Coon as to the rear 20 feet of both lots, including the frame building thereon, and held that said D. F. Coon was, by virtue of said sheriff's deed, the owner in fee of the said rear 20 feet of said lots free and clear from the lien of both mortgages of said plaintiffs in error. In said proceedings all of said property was appraised at $725, and sold for $484. Plaintiffs in error bring the case here for review, claiming that they should have been allowed prior liens on all of said two lots, together with all the improvements thereon.

The property in question consists of two adjoining lots, each 25 feet wide by 150 feet deep, fronting on the street, with an alley in the rear, and both forming one continuous tract, enclosed by the same fence. Both lots were bought with the intention of making a homestead, and were so occupied until more than a year after the mortgages of plaintiffs in error were executed and recorded. No part of it had ever been abandoned, nor was there any intention of abandoning them or any part thereof as a homestead, or any act which would

amount to a constructive abandonment of any portion of them. There was a frame building on the rear of the lots so that it extended across the entire width of both lots and next to the alley, and which entirely prevented access to the alley without passing through said building. This building was occupied temporarily by a brother of the husband of the owner and his partner as a carpenter shop. It appears from the evidence that this shop was only occupied with the consent of Mrs. Ayers, the owner, and was held for no definite time, nor was any fixed rent paid for the use of the building. There was no lease. The only consideration ever given for the use of the building was the keeping of the premises in repair, making some few improvements, such as setting out trees, and building a cistern, which cistern was used by the family of Flora E. Ayers, and supplied with water from the roof of the shop.

This is a contest between the mortgagees and the judgment creditor, but their respective rights are to be determined by the character affixed to the rear 20 feet in width of the lots numbered 13 and 14. On the one hand, it is said that the use of the carpenter shop by persons other than the owner of the lots or her husband was an abandonment of their homestead rights. On the other, it is said that the actual rent of the building for the purposes for which it was used was induced by revenue for support of the family, and not inconsistent with its homestead character, and this latter view is amply supported by the recent decision of this court in the case of *Layson v. Grange*, ante, p. 440. This case holds that —

"Where a debtor owns a house and three lots, containing less than one acre, within the limits of a city, upon which he resides with his family, and also has a carpenter shop, which he afterward converted into rooms, which he rented to a family, but did not lease any portion of the ground, but simply gave the tenant the right of ingress and egress to and from the premises, and reserved the basement to such building for his own use, as well as the lot upon which the building was situ-

ated, *held*, that the whole property is a homestead, and, as such, exempt from forced sale on execution."

The reasons given for that decision control this case, and compel us to recommend that this judgment be reversed, with instructions to the trial court that the judgments are not liens on the homestead of Mrs. Ayers.

By the Court: It is so ordered.

All the Justices concurring.