THE MERCHANTS NATIONAL BANK OF KANSAS CITY, MO., v. OTTO KOPPLIN et al.

1. RES JUDICATA—Appearance Necessary.  The question of res adjudicata cannot be raised against a person as to matters decided prior to his appearance in court.

2. HOMESTEAD — Undivided One-Half of Hotel.  Where the wife owns the undivided one-half of a hotel in which she resides with her family, and it is the only home her family has, it is her homestead ; and her motion to discharge an attachment upon the hotel

in an action against her husband is properly sustained, and the attaching creditor cannot inquire into the good faith of her husband in deeding the homestead to her.

MEMORANDUM.—Error from Sedgwick court of common pleas; JACOB M. BALDERSTON, judge. Action in attachment by The Merchants National Bank of Kansas City, Mo., against Otto Kopplin, Edia Kopplin, interpleader. Trial was had on motion of interpleader to discharge the attachment. Motion sustained. The plaintiff brings the case to this court. Affirmed. The material facts are stated in the opinion, filed October 23, 1895.

*Ed. O'Bryan,* for plaintiff in error.

*T. B. Wall,* and *Otto G. Eckstein,* for defendants in error.

The opinion of the court was delivered by

DENNISON, J. : This action was originally brought in the court of common pleas of Sedgwick county, Kansas, by this plaintiff in error against Otto Kopplin, on December 23, 1890. An order of attachment issued at the commencement of said action, and was levied upon the undivided one-half of lots 20, 22, 24 and 26, on North Market street, in the city of Wichita, in said Sedgwick county, as the property of said Otto Kopplin. On December 26, 1890, Otto Kopplin filed his motion to dissolve and vacate said attachment for the reason that the statements made in the affidavit of attachment were untrue, and on February 12, 1891, filed a supplemental motion to discharge on the ground that the property was his homestead. Both these motions were overruled. On February 26, 1891, Edia, wife of Otto Kopplin, obtained leave to file an interpleader asking to dissolve the attachment on the

ground that the same was occupied as a homestead by herself and husband, and to have her rights determined.   She also filed a motion to discharge the attachment, alleging that she was the sole owner of the property before the commencement of plaintiff's action, and that she ever since had been and then was the owner thereof.   On April 24, 1891, the court sustained the motion of Edia Kopplin to discharge said attachment.   To the ruling of the court in sustaining said motion the plaintiff excepted, and brings the case here for review.

The plaintiff alleges two assignments of error :  (1) The court erred in allowing Edia Kopplin to testify in her own behalf that the property attached was her homestead ; (2) the court erred in sustaining the motion of Edia Kopplin to dissolve and vacate the attachment on said attached property.   To sustain the first assignment of error the plaintiff claims that because the court overruled the motion of Otto Kopplin to discharge the attachment the question is *res adjudicata*.   This position is not tenable.   Edia Kopplin was not before the court, and her rights could not have been adjudicated.   The court properly overruled the motion of Otto Kopplin to discharge the attachment as to the real estate of Edia Kopplin. "It is not competent for a defendant to move the court to discharge an attachment, or set aside a levy under an execution, on the ground that the property attached or levied upon does not belong to him, and it is error for a court to sustain such motion." (*Mitchell v. Skinner*, 17 Kas. 563.)

In passing upon the second assignment of error only one question needs to be considered, and that is, Was Edia Kopplin the owner of the real estate levied upon?   If she was, then the motion should have been

sustained ; if she was not, the motion should have been overruled, because the only ground for the motion was that she was the owner thereof. The evidence shows that the lots, which were contiguous and contained less than one acre of land, were first deeded to Otto Kopplin and John F. Knoblaugh, and on the 20th day of December, 1890, Otto Kopplin conveyed his undivided one-half interest in the said lots by deed to Edia Kopplin, which deed was recorded in the office of the register of deeds of Sedgwick county, Kansas, on December 22, 1890 ; that on the said lots was a hotel of about 25 rooms, and that the said hotel was run by Kopplin and Knoblaugh as a hotel and boarding-house, and was by them used as their place of residence, and so far, at least, as Mr. and Mrs. Kopplin were concerned, it was the only place of residence they had. It was the place where they had lived and reared their children for at least nine years prior to the commencement of this action. The fundamental question to be decided is, whether or not this is the homestead of Otto and Edia Kopplin and their family. If it is, the plaintiff has no concern as to whether or not the deed from Otto Kopplin to Edia Kopplin was *bona fide.* ''The homestead is something toward which the eye of the creditor need never be turned. It is an element which may never enter into his calculations in his effort to collect his debt.'' (*Monroe v. May,* 9 Kas. 476.)

'' A debtor cannot commit a fraud upon his creditor by disposing of his homestead. A debtor, in the disposition of his property, can commit a fraud upon his creditor only by disposing of such of his property as the creditor has a legal right to look to for his pay.'' (*Hixon v. George,* 18 Kas. 254.)

'' A conveyance of a homestead or other exempt property, even though made with intent to defraud

creditors, vests the title thereof in the grantee and does not become subject to the lien of a judgment previously obtained by the creditor of the grantor.'' ( *Wilson v. Taylor*, 49 Kas. 774.)

There are but two elements which enter into the occupancy of these premises which can be considered to defeat their homestead rights:  (1) The ownership of only the undivided one-half of it;  (2) the character of the buildings and the uses to which they were put.   The first question has been settled by our supreme court:

''Where a person owns an undivided half of a certain piece of land, and resides upon and occupies the land with his family, he may acquire a homestead interest in the land under the homestead exemption laws of Kansas so far as such interest does not conflict with the rights and privileges of his cotenant, although he owns only an undivided half of the land.'' (*Tarrant v. Swain*, 15 Kas. 146.)

The second question has also been settled by our supreme court in *Hogan v. Manners*, 23 Kas. 551; *Rush v. Gordon*, 38 id. 535; *Bebb v. Crowe*, 39 id. 342; *Hoffman v. Hill*, 47 id. 611.   The last case, although not cited in the brief of either party, is directly in point. The buildings upon the lots claimed as a homestead in that case were by the owner and his family occupied and used as a residence and also as a hotel and boarding-house, and the supreme court held that it was exempt as a homestead.   The motion of Edia Kopplin to discharge the attachment in this case was properly sustained.   The judgment of the court below will be affirmed.

All the Judges concurring.