# SUPREME COURT,

## STATE OF KANSAS.

## JULY TERM, 1898.

### PRESENT:

Hon. FRANK DOSTER, Chief Justice.
Hon. WILLIAM A. JOHNSTON, } Associate Justices.
Hon. STEPHEN H. ALLEN, }

---

### Hiram D. Upton v. Theodosia Coxen et al.

#### No. 10711.

1. Homestead—*Joint Occupancy by Tenant and Owner.* Where one capable of acquiring a homestead right purchases and acquires a farm with the intention of occupying and claiming the same as a homestead, and in good faith moves upon the property and begins the erection of a dwelling-house thereon one day before the judgment under which a lien was claimed was filed in the district court of the county where the land was situate, such property will be exempt as a homestead, although a tenant held a lease of the land and occupied the greater part of it for several months after possession was taken by the owner.

2. ——— *Temporary Possession by Tenant.* The temporary possession of a tenant, whose rights are subordinate to those of the owner claiming the homestead, and whose use of the same is not inconsistent with the homestead rights of the owner, does not deprive the premises of the homestead character.

Error from Wabaunsee district court; William Thomson, judge. Opinion filed December 10, 1898. Affirmed.

1—60 KAN.

*Frank H. Foster*, for plaintiff in error.

*John Guthrie*, and *Edwin A. Austin*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J. : This proceeding involves the homestead right of Theodosia Coxen and her husband, Oscar L. Coxen, to an eighty-acre farm in Wabaunsee county. Theodosia Coxen inherited one-fourth of the land from her father and purchased a one-half interest from the other heirs. Upton claims title to the three-fourths interest acquired by Mrs. Coxen through a sheriff's deed, which was based on a judgment and execution against Mrs. Coxen. The judgment was rendered by the circuit court of Shawnee county on January 18, 1892. On May 10, 1893, a transcript of that judgment was filed in Wabaunsee county. An execution on the judgment was issued and a levy made on the land in August, 1893, under which a sale of the land was made to Upton, the judgment creditor. It appears, however, without dispute, that one day before the transcript of the judgment was filed in Wabaunsee county, and when they held the undivided three-fourths interest in the land, Theodosia Coxen and her husband entered upon the land, claiming the same as their homestead, and have continued to occupy it as such ever since that time. On May 9, 1893, they purchased lumber and building material, took the same upon the land, and began the erection of a house. This house, although an inexpensive one, was completed and occupied by them until they gained possession of the old house, which was then occupied by a tenant to whom the farm had been leased by an administrator. The tenant grew a

crop upon the cultivated land, and his possessory right was not terminated until late in the fall of 1893. The Coxens, however, under an arrangement with the tenant, used a portion of the land for a garden and as a pasture.

It is clear that the property became the homestead of the Coxens on May 9, 1893, before the judgment of Upton became a lien thereon, and before the proceedings under which the sale of the property was made to him. The uncontradicted testimony is that the property was acquired with the intention of using the same as a homestead. They moved upon the property in good faith, and they were in actual occupancy of the premises one day before the judgment of Upton was filed in the district court of Wabaunsee county. It is true that the time between actual occupancy and the filing of the judgment was very short, but it was sufficient to give a priority of right to the Coxens. There can be no question, however, about the time, as the land was acquired some time before the actual occupancy of the same, and it is settled that the purchase of a home, with the intention to occupy it as a homestead, followed by actual occupancy within a reasonable time, may impress it *ab initio* with homestead character and inviolability. (*Edwards v. Fry*, 9 Kan. 425; *Gilworth v. Cody*, 21 id. 702.)

It is contended that because of the possessory right of the tenant to the premises there was not such an occupancy by the Coxens as to bring it within the provisions of the homestead law. The premises constituted a single tract and did not exceed in area the exemption provided by the homestead law. The fact that some one else may be temporarily upon the premises and may be actually using a portion of the

same does not deprive them of the homestead character. The possession of the tenant was temporary and subordinate to the rights of the owner, and the use which he was making of the land was not inconsistent with the homestead rights of the Coxens. The tenant only remained until the end of the crop season, when he surrendered the temporary possession to the Coxens, who had claimed the entire premises as a homestead from the beginning. Under the interpretation which has been frequently given to our homestead provisions, the occupancy was sufficient to create the homestead right in the whole of the premises, and the plaintiff therefore acquired no right thereto upon his judgment or the proceedings taken thereunder. (*Bebb v. Crowe,* 39 Kan. 342, 18 Pac. 223; *Hoffman v. Hill,* 47 id. 611, 28 Pac. 623; *Layson v. Grange,* 48 id. 440, 29 Pac. 585; *Pitney v. Eldridge,* 58 id. 215, 48 Pac. 854.)

The judgment of the district court will be affirmed.