No. 24,594.

The Iola Wholesale Grocery Company, *Appellant*, v. O. W. Johnson, *Appellee*.

### SYLLABUS BY THE COURT.

ATTACHMENT—*Levied on Homestead—What Included in a City Homestead—Attachment Dissolved.* Where a debtor owned two lots containing less than one acre within the limits of a city upon which he resided with his family, and also had a garage and a store building from which he sold groceries, the store building and garage being used for other family purposes, *held,* that the whole property was a homestead and an order dissolving an attachment on such ground was not error.

Appeal from Allen district court; SHELBY C. BROWN, judge *pro tem.* Opinion filed July 7, 1923. Affirmed.

*S. A. Gard,* of Iola, for the appellant.
*J. Q. Wycoff,* of Garnett, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was to recover on an account. Plaintiff's petition claimed about $4,500. The defendant Johnson filed no pleading but left the state. Other creditors interpleaded. An attachment was levied upon two lots on which were the residence, garage and a store building occupied, or partly occupied, by the defendant and his family. Mrs. Minerva Johnson, wife of the defendant, filed an interplea, claiming that she was the owner of the property,

and that it was a homestead. Trial was had and the court made findings of fact and conclusions of law as follows:

"1. That for some time prior to March 11, 1920, one O. W. Johnson was the fee simple owner of lots five and six, block eight, Highland Place addition to the city of Iola, Allen county, Kansas.

"2. That said lots are contiguous less than one acre in extent and within an incorporated city.

"3. That there was a residence on lot five; that the lawn of said residence extended over on and was a part of lot six, the said lots being adjacent.

"4. That there are several buildings on said lots five and six as follows: A garage about one-half on lot five and one-half on lot six, the driveway from which crosses lot six to Lincoln street on the south of said lots; a chicken pen partially on lots five and six; a barn wholly upon lot six, and a store building twenty-four feet wide by eighty feet long in one corner of lot six.

"5. That the said store building and residence are connected by walks at both front and rear. That the said store building and residence are connected by the same plumbing and electric wiring and are both on the same meter.

"6. That these adjacent lots are within the same inclosure having a fence and buildings in the rear and a hedge of shrubbery and buildings in the front.

"7. That on and prior to the 11th day of March, 1920, the said O. W. Johnson and his family occupied the house on lot five as a residence and operated a grocery store in a building on lot six.

"8. That the cellar under store building was used jointly for family and store purposes. The said Johnson storing and keeping home canned fruit and vegetables therein.

"9. That the store building was used jointly for family and store purposes, the said Johnsons storing old clothes and such like in said building and during the summer months storing the stoves from the residence in the back end of the said store building. That the barn was used as a sort of store house for rubbish and such matters as she did not want to keep in the house, also, that a part of the barn was used as a garage and for storing some hay that was kept for sale.

"10. That the garage situated on both lots was used for keeping the family car and at times the delivery truck for the store.

"11. That the said Johnsons occupied said lots five and six actually and constructively as their home on the 11th day of March, 1920, when the said O. W. Johnson executed and delivered a gift deed to Minerva B. Johnson, the interpleader herein.

"12. That on the 11th day of March, 1920, when the said O. W. Johnson executed and delivered gift deed to Minerva B. Johnson, the said O. W. Johnson was insolvent."

"CONCLUSIONS OF LAW.

"1. That on the 11th day of March, 1920, and at all times mentioned herein lots five and six, block eight, Highland Place addition to the city of Iola, Allen county, Kansas, was the homestead of O. W. Johnson and wife, Minerva B. Johnson.

"2. That by the deed from O. W. Johnson to Minerva B. Johnson executed and delivered on the 11th day of March, 1920, the said Minerva B. Johnson took the fee simple title to said lots five and six free and clear of the debts of the said O. W. Johnson.

"3. That the application of interpleader, Minerva B. Johnson, for the dissolution of the attachment on lot six should be sustained."

The plaintiff contends that the findings of the trial court are not sufficient to sustain the conclusions of law; that the store building on lot 6 was not actually used as a residence of the family and cannot, therefore, be said to be a part of the homestead.

In *Bebb v. Crowe*, 39 Kan. 342, 18 Pac. 223, it was said:

"The word 'homestead' is used in the constitution in its popular sense. It represents the dwelling house where the family resides. Its tests are use and quantity.

"If the homestead should also be used as a place of business, it will not for that reason alone cease to be a homestead if the part so used would be necessary or convenient for the use of the family, independent of the business. The question of whether a building is a residence does not depend upon the style in which it was built, or that it would be more valuable as a place of business than a dwelling house, but upon the fact of whether it is actually used as the residence of the family. The fact that a part of the building is leased to another, who carries on a mercantile business in the part leased, does not destroy its homestead character when the owner reserves the right of using it as a means of going to and coming from the part used as his home. Where a small addition is built against the residence, and is used a part of the time as a butcher shop by the owner, and is sometimes leased as an office, such addition being a part of the homestead, it is exempt from forced sale." (Syl.)

In *Layson v. Grange*, 48 Kan. 440, 29 Pac. 585, it was said:

"Where a debtor owns a house and three lots, containing less than one acre, within the limits of a city, upon which he resides with his family, and also had a carpenter shop which he afterward converted into rooms, which he rented to a family but did not lease any portion of the ground, but simply gave the tenant the right or ingress and egress to and from the premises, and reserved the basement to such building for his own use, as well as the lot upon which the building was situated, held, that the whole property is a homestead, and as such is exempt from forced sale upon execution." (Syl.)

In *Hoffman v. Hill*, 47 Kan. 611, 28 Pac. 623, it was said:

"And it makes no difference that the homestead, or a part thereof, may be used for some other purpose than as a homestead, where the whole of it constitutes only one tract of land not exceeding in area the amount permitted to be exempted under the homestead exemption laws, and where the part claimed as not a part of the homestead has not been totally abandoned as a part thereof by making it, for instance, another person's homestead or a part

thereof, or by using it or permitting it to be used in some other manner inconsistent with the homestead interests of the husband and wife." (Syl. ¶ 2.)

Under the facts stated and the principles enunciated in the foregoing cases, we are of the opinion that the court committed no error in dissolving the attachment. The judgment is affirmed.