No. 29,290.

VIRGIL KARR, *Appellant*, v. W. A. LAWRENCE, *Appellee*.

(287 Pac. 621.)

Opinion filed May 3, 1930.

*Thomas E. Joyce,* of Kansas City, for the appellant.
*Alex McIntosh,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

BURCH, J.: Plaintiff appeals from an order setting aside a sheriff's sale of real estate. The basis of the order was that the real estate was defendant's homestead.

Plaintiff procured a judgment against defendant in the city court of Kansas City, and filed a transcript of the judgment in the office of the clerk of the district court of Wyandotte county on February 5, 1929. The lien of the judgment, if any, dated from February 5, 1929.

The claimed homestead consists of three contiguous city lots, numbered 21, 22 and 23. Each lot is 25 feet wide and approximately 100 feet long. On lot 21 is defendant's dwelling house, occupied by defendant and his wife, their daughter, and the daughter's husband. Back of the house is a garage which the son-in-law uses. On lot 23 is a small two-room house occupied by defendant's son and the son's wife. Back of the house is a barn, used by the son as a garage. The middle lot, lot 22, is vacant, and is used as a yard and as a way to and from the buildings.

Defendant purchased the lots and deeded them to his wife. She spoke of the lots as if they belonged to her husband, but she said he had nothing to do with the small house. She had no room in the large house for her mother, and she built the small house on lot 23 to care for her mother. Her mother lived there awhile before her death and paid no rent. Mrs. Lawrence testified she partly furnished the small house, and has furniture and furnishings in it.

Her son and his wife have been sleeping in the small house since September, 1928, because there was no room in the large house for them. The son's wife takes care of the small house. The light and gas bills are in the son's name, but not the water bill. The son has some furniture in the small house, to remain until he builds his own home on his own lot. He has not been charged rent for the house, and has paid no rent for it.

Since December, 1928, Mrs. Lawrence and her husband have used the barn to store old furniture, old implements, and "a lot of stuff and junk." The vacant part of the lots (lot 22) has always been used by Mrs. Lawrence and her husband for ingress to and egress from their premises.

The southwest half of lot 22 and all of lot 23 were sold in gross. The sale was clearly bad, and the judgment must necessarily be reversed for inclusion of part of lot 22. The sale was also bad for inclusion of lot 23. (*Layson v. Grange*, 48 Kan. 440, 29 Pac. 585.) Plaintiff cites the case of *Ashton v. Ingle*, 20 Kan. 670. That case was considered in the opinion in the Layson case, and a simple reading of the second paragraph of the syllabus is sufficient to show it has no pertinency to the facts of the present case.

The judgment of the district court is affirmed.