No. 29,978.

H. D. Barten, *Appellant,* v. G. A. Martin and Anna Martin, *Appellees.*

(299 Pac. 614.)

Opinion filed June 6, 1931.

*O. W. Weber,* of Salina, for the appellant.

*J. T. Thompson,* of Leoti, for the appellees.

The opinion of the court was delivered by

Hutchison, J.: The plaintiff in this case appeals from the order of the trial court setting aside a sheriff's sale on the ground that the premises sold were exempt from execution. The question involved has particular reference to the application of the homestead provision of the constitution, section 9 of article 15, with reference to the words "occupied as a residence." The property sold under execution was a building and tract of ground underneath it, twelve by twenty feet, occupied by a dentist, it being a part of a lot consisting of less than one acre in the incorporated town of Hope, in Dickinson

county, Kansas, on which lot is a dwelling house in which the family of the defendant resides.

The dentist has occupied this building as a dental office for a number of years upon a verbal lease, paying $13.50 per month, which includes janitor service, and the rent money is a part of the

SKETCH OF PREMISES.

income for the living expenses of the family. There is a north door in the office, and there was evidence that among the outbuildings on the back of the lot were an outdoor toilet and a cistern which the dentist used in connection with his office. Was this use of this part of the premises such as to deprive the owner of the possession of the property in question and to exclude it from the property "occupied as a residence?"

Appellant strongly relies upon the following decisions of this court: *Ashton v. Ingle*, 20 Kan. 670; *Mouriquand v. Hart*, 22 Kan. 594; *Bebb v. Crowe*, 39 Kan. 342, 18 Pac. 223; and *Karr v. Lawrence*, 130 Kan. 552, 287 Pac. 621.

In the first case the holding was based upon the fact that the extra house on the city lot was rented with the intention that such house and lot should become the home and residence of the tenant and his family. The second case relied upon was where a farmer residing on a farm consisting of 112 acres erected a gristmill on two acres thereof, separating it entirely and completely from the rest of the farm by a fence, and he there owned and operated the mill as an independent business and enterprise, wholly separate and distinct from the farm, and it was held that the mill was not appurtenant to the farm nor exempt as a part of the homestead.

In the last two cases above mentioned the property was held to be exempt, but appellant insists that the dintinguishing features thereof strengthen his contention in this case. In the first one of these a small addition was built against the residence and used a part of the time as a butcher shop by the owner, and sometimes leased as an office, and it was held it was a part of the homestead and exempt from forced sale, but in the opinion it was said: "Of course, if it should practically become a business house rather than a home, it would then cease to be exempt." The last case above cited was where the additional house on the town lot was built and furnished for the aged mother of the owner and after her death was occupied by a son and his wife without rent, and it was held to be a part of the homestead. Appellant forcibly presents the facts that in one case the shop or office was attached to the home and in the other that no rent was charged. But while both these matters are proper elements to be considered by the court they are neither of them alone controlling. In the Crowe case, *supra*, it was held that neither the leasing of a part of the homestead nor permitting it to be used as a place of business would alone cause it to be regarded as other than a homestead, and in the last case cited above the ruling in the case of *Layson v. Grange*, 48 Kan. 440, 22 Pac. 585, is cited with approval, where it was held:

"Where a debtor owns a house and three lots, containing less than one acre, within the limits of a city, upon which he resides with his family, and also had a carpenter shop which he afterward converted into rooms, which he rented to a family but did not lease any portion of the ground, but simply

gave the tenant the right of ingress and egress to and from the premises, and reserved the basement to such building for his own use, as well as the lot upon which the building was situated, *held,* that the whole property is a homestead, and as such is exempt from forced sale upon execution." (Syl.)

It may be urged that the reservation of the basement by the owner makes a distinction, but a similar holding was made in another case in the same volume where there was no such reservation.

"Where a debtor owns a house and two town lots, each 25 feet front and 150 feet deep, and on the rear of two said lots is a building 20 feet wide and 50 feet long, used by other persons than the owner of said lots as a carpenter shop, and the owner occupies said house and lots with her family, the whole of said lots is a homestead, and no part of the same is subject to forced sale on a judgment rendered against the owner." (*Savings Bank v. Ayers,* 48 Kan. 602, syl., 29 Pac. 1149.)

The reasoning in these opinions seems to hinge upon the abandoning of a part of the premises or an intention to abandon it as a homestead, and the conclusion reached is based upon the apparent intention or lack of intention to abandon it as a part of the homestead. It is further announced and declared in the Ayers case, *supra,* that the renting of a part of the premises for revenue for the support of the family is not inconsistent with the homestead character of the property.

The decision in the case of *Morrissey v. Donohue,* 32 Kan. 646, 5 Pac. 27, is referred to in recent decisions on this subject as giving a general and definite statement of the rule in the following terms:

"It is often the case that the owner of a tract of land, which he occupies and claims as his homestead, does not actually use every part and portion thereof; but so long as the whole tract is devoted to the purposes of a homestead, and not to any other purpose inconsistent with the owner's homestead interests, the whole of the tract, up to 160 acres of farming land or one acre within the limits of an incorporated town or city, will be considered as a part of the owner's homestead, whether he actually uses every part and portion thereof or not. Under such circumstances all is constructively used." (Syl.)

In the case of *Pitney v. Eldridge,* 58 Kan. 215, 48 Pac. 854, the owner of a farm of forty acres leased for ten years a part of it for the handling of a nursery stock at a rent of $200 per year and with the privilege of the lease being extended for another term of ten years. It was completely separated from the remaining portion of the farm by a fence, and it was there held:

"The temporary nonoccupancy of a part of a homestead, where entire dominion over the same is not surrendered, does not necessarily operate as a waiver or abandonment of the homestead right." (Syl. ¶ 1.)

And further—

". . . *Held,* under the circumstances of the case, that the leased premises remained a part of the homestead, and were not subject to the lien of the judgment." (Syl. ¶ 2.)

"The temporary possession of a tenant, whose rights are subordinate to those of the owner claiming the homestead, and whose use of the same is not inconsistent with the homestead rights of the owner, does not deprive the premises of the homestead character." (*Upton v. Coxen,* 60 Kan. 1, syl. ¶ 2, 55 Pac. 284.)

"Where a debtor owned two lots containing less than one acre within the limits of a city, upon which he resided with his family, and also had a garage and a store building from which he sold groceries, the store building and garage being used for other family purposes, *held,* that the whole property was a homestead . . ." (*Grocery Co. v. Johnson,* 114 Kan. 89, syl., 216 Pac. 828.)

Applying these rulings to the facts in this case, we concur in the holding of the trial court that the renting and using of the building as a dental office, together with the ground beneath it, did not show an intention to abandon it as a homestead, and the use to which it was put in connection with the rest of the premises was not inconsistent with the homestead character of the property.

The use of the north door of the office opening on the lot between the two buildings and the use of the outbuildings and conveniences are matters to be considered in reaching the conclusion as to whether or not there was an intention to abandon the property in question as a part of the homestead, and likewise the matter of the owner rendering the tenant janitor services, but no one of these matters is alone determinative of the issue.

The judgment is affirmed.