**Carl E. BELCHER, d/b/a Anderson's Fine Foods, and Esther J. Belcher, Plaintiffs-Appellants,**

v.

**Dan E. TURNER, Defendant-Appellee.**

No. 77–1850.

United States Court of Appeals, Tenth Circuit.

Submitted March 6, 1978.
Decided July 20, 1978.

74

Charles D. Green, Manhattan, Kan., for plaintiffs-appellants.

Dan E. Turner, Topeka, Kan., for defendant-appellee.

Before SETH, Chief Judge, and LEWIS and DOYLE, Circuit Judges.

LEWIS, Circuit Judge.

This appeal arises out of bankruptcy proceedings in the district court for the District of Kansas. Appellants Carl and Esther Belcher filed a voluntary petition for bankruptcy in which they claimed as exempt property a side-by-side duplex which they own. The claim was made under the homestead exemption set out in the Kansas Constitution, art. 15, § 9 and Kan.Stat.Ann. § 60–2301.[1] There is no question they are

entitled to the exemption as to the one side of the duplex in which they reside. The issue below and on appeal is whether the entire duplex is covered by the homestead exemption despite the fact that one side is leased to and occupied by another family.

In a memorandum decision the bankruptcy judge found that each unit in the duplex has a separate entrance, driveway, garage, and address. There is no common entrance except through an unfinished attic. The Belchers had resided in one unit since purchasing the property and had always leased the other unit. After finding the above facts the bankruptcy judge discussed the applicable law and determined that only the half occupied by the Belchers was exempt. The district court affirmed.

Under 11 U.S.C. § 24, the Bankruptcy Act makes available to bankrupts those exemptions prescribed by state law. The scope and application of such exemptions are defined by the state courts and we are bound by their interpretations. See In re Cummings, 10 Cir., 413 F.2d 1281, 1284–85, cert. denied, Sears, Roebuck & Co. v. Horton, 397 U.S. 915, 90 S.Ct. 918, 25 L.Ed.2d 95; 1A Collier on Bankruptcy ¶ 6.03, at 798–99 (14th ed.). While there are numerous opinions of the Kansas Supreme Court construing the homestead exemption, the cases do not provide a clear answer to the issue before us. We are therefore left to the task of applying the law, with guidance from the opinion of the district court below, consistent with the purposes of the Bankruptcy Act and the exemption statute. Collier on Bankruptcy, supra, ¶ 6.03 at 802.

The Kansas cases which are most analogous on their facts are those considering an application of the exemption to property used by an owner partly as a residence and partly for business purposes. See, e. g., State ex rel. Apt v. Mitchell, 194 Kan. 463,

1. Kan.Stat.Ann. § 60–2301 provides in pertinent part:

A homestead to the extent of one hundred and sixty (160) acres of farming land, or of one acre within the limits of an incorporated town or city, occupied as a residence by the

family of the owner, together with all the improvements on the same, shall be exempted from forced sale under any process of law

. . . .

The above exemption is made applicable to bankruptcy proceedings by 11 U.S.C. § 24.

399 P.2d 556; *Anderson v. Shannon*, 146 Kan. 704, 73 P.2d 5; *Barten v. Martin*, 133 Kan. 329, 299 P. 614; *Bebb v. Crowe*, 39 Kan. 342, 18 P. 223. *Mitchell* is the most recent statement of the general rule that

> [t]he test for determining whether a structure is a homestead is determined by its use or occupancy as a residence, and an incidental departure for business purposes does not deprive it of its homestead character . . . .

399 P.2d at 558–59. *Anderson, supra,* stated the other aspect of the rule:

> Of course, if [the building] should practically become a business house rather than a home, it would then cease to be exempt.

73 P.2d at 12.

Appellants argue the overriding purpose of this duplex was to provide them with a home. They suggest the rental of half the building with consistent with this purpose because the rent was used to pay the mortgage on the entire property. We believe these arguments ignore the underlying fact that half of the duplex has always been rented out and was never intended or expected to serve as appellants' residence. The unit was intended to produce income. Reduced to its essential, appellants' claim of exemption is based only on the fact that the two units are part of the same physical structure. This one factor is not and should not be dispositive. The Kansas cases cited by appellants which inferentially support exempting the entire duplex did not involve bankruptcy. The purpose and intent of the Bankruptcy Act and its allowance of the homestead exemption counsel a different result. The aim is to protect and preserve the residence of the debtor; exempting the half of the duplex in which appellants reside will fully achieve that purpose. The district court judgment is

Affirmed.