### In re Kerry Leeburnes McCAMBRY and Tina Marie McCambry, Debtors.

No. 04–20520.

United States Bankruptcy Court, D. Kansas.

July 1, 2005.

---

23.  Met already credit bid at the auction in which the ten parcels were sold.

William D. Peters, Jr., Kansas City, KS, for Debtors.

## MEMORANDUM OPINION AND ORDER [1]

ROBERT D. BERGER, Bankruptcy Judge.

The Chapter 13 trustee's Objection to Claim for Exemption [2] is currently pending before the Court. The parties submit the matter for consideration on the briefs filed and on the facts alleged therein. This

1. The Chapter 13 trustee, William H. Griffin, appears on his own behalf. The debtors appear by counsel William D. Peters of Kansas City, Kansas.

2. Doc. No. 24.

matter constitutes a core proceeding[3] over which this Court has jurisdiction.[4] The Court has reviewed the relevant pleadings and the record and is prepared to rule.

### Background

The Chapter 13 trustee objects to the debtors' claimed homestead exemption of an entire duplex pursuant to K.S.A. § 60–2301. The debtors occupy one-half the duplex as their residence; they rent the other half to a tenant as residential property. The following facts are undisputed and relevant to this Court's determination:

1. The debtors ("the McCambrys") own a side-by-side duplex on less than one acre in Kansas City, Kansas.

2. The McCambrys reside in one-half of the duplex and rent the other half as residential property to a tenant under a month-to-month lease.

3. The property is entirely encumbered by a note and mortgage.

4. Mrs. McCambry is disabled and unable to work full time.

5. The McCambrys maintain and use the lawn of the entire duplex.

6. The McCambrys maintain the interior and exterior of the entire duplex.

7. The McCambrys insure and pay taxes on the entire structure.

8. There is one utility line for gas, electricity, and water, respectively; each line is divided at the exterior of the residence.

9. The McCambrys maintain and have access to personal property located both inside and outside the rented portion of the duplex, including a stove, refrigerator, dishwasher, drapes, carpeting, and a trailer parked on the driveway in front of a garage door leading into the rented portion of the duplex.

10. The McCambrys maintain exclusive rights to all the land surrounding the entire duplex structure limited in scope only by their tenant's rights of ingress and egress.

11. The McCambrys' tenant must surrender possession of the leased premises with one month's notice.

12. The McCambrys' primary purpose for purchasing the property was to secure a home and a mechanism to pay for it.

### Discussion

Under § 522(b)(2),[5] a debtor may exempt any property which is exempt under federal non-bankruptcy law or, alternatively, under the laws of the state of the debtor's domicile. However, K.S.A. § 60–2312 prohibits Kansas citizens from electing to use federal bankruptcy exemptions, with the exception of those delineated in § 522(d)(10).[6] Therefore, to determine the validity of a claimed homestead exemption under K.S.A. § 60–2301, this Court need only look to applicable Kansas law.[7]

The parties do not dispute that the McCambrys are entitled to exempt one side of the duplex as their homestead pursuant to K.S.A. § 60–2301. The issue, then, is whether the entire duplex is covered by the homestead exemption despite the fact that one side is rented to and occupied by a tenant.

---

3. 28 U.S.C. § 157(b)(2)(B).

4. 28 U.S.C. § 1334.

5. All references are to the Bankruptcy Code, Title 11 U.S.C. §§ 101, et seq., unless otherwise noted.

6. K.S.A. § 60–2312(a), (b).

7. *In re Hodes,* 402 F.3d 1005, 1009 (10th Cir.2005).

The Court's review of substantive applicable law reveals that only one federal court has addressed in a published opinion whether an individual may exempt an entire duplex as a homestead under Kansas law. The sole federal court, the Tenth Circuit in *In re Belcher*,[8] affirmed the District Court's conclusion that only the portion of a duplex within which a debtor resides qualifies for the homestead exemption. *Belcher* does not stand as a *per se* rule disallowing Kansas residents to claim as exempt an entire duplex as a homestead. Rather, the Tenth Circuit's analysis focused on the essential and single factor the debtors raised as justification warranting their claim of exemption: that the two duplex units in question were part of the same physical structure.[9] The Tenth Circuit concluded that this one factor, that the two duplex units were part of the same physical structure, "is not and should not be dispositive."[10]

▮ In the present case, there are factors before the Court suggesting the McCambrys retain a greater homestead interest in the entire duplex structure than any simple interest associated with the fact that the two units are part of the same physical structure. While the existence of additional factors does not necessarily warrant a conclusion different from that arrived at in *Belcher*, it does warrant an independent analysis. This Court recognizes that rarely are any two homesteads alike and that, accordingly, each contested homestead exemption must be viewed independently under Kansas law.

▮ The Kansas homestead is not an estate; it is a constitutional right, codified by statute, implemented as an exemption that is remedial in nature:

> A homestead to the extent of ... one acre within the limits of an incorporated town or city, occupied as a residence by the family of the owner, together with all the improvements on the same, shall be exempted from forced sale under any process of law ...[11]

Kansas residents may exempt the full value of the qualified homestead regardless of its actual dollar value.[12] The word "homestead" itself "represents the dwelling house where the family resides."[13] Historically, Kansas courts have liberally interpreted the homestead exemption to effectuate its purpose: namely, "for the benefit of the family and of society—to protect the family from destitution, and society from the danger of her citizens becoming paupers."[14] A property's use as a homestead "must be determined by its occupancy as a residence, a dwelling place, and not as a business house."[15] Any departure from a property's use as a residence for the purposes of business must be incidental to the property's nature as a homestead.[16]

▮ This Court has endeavored to examine the Kansas courts' opinions addressing the application of the homestead ex-

8. *In re Belcher*, 579 F.2d 73, 75 (10th Cir. 1978).

9. *Id.* ("Reduced to its essential, appellants' claim of exemption is based only on the fact that the two units are part of the same physical structure.")

10. *Id.*

11. Kan. Const. art. 15, § 9; Kan. Stat. Ann. § 60–2301.

12. *Hodes*, 402 F.3d at 1009–10.

13. *Anderson v. Shannon*, 146 Kan. 704, 711, 73 P.2d 5, 10 (1937).

14. *Id.* (internal quotations omitted).

15. *Id.*

16. *Id.*

emption in a search for consistency or commonality in fact wherein a business departure did not vitiate the homestead exemption. However, a test for determining whether a business departure is "incidental" to an individual's homestead interest is not readily identifiable. Instead, this Court must look to specific instances where business departures were either implicitly or explicitly deemed incidental to the homestead exemption.

Although the Kansas courts have not addressed whether an individual can claim as exempt an entire duplex as a homestead, two cases factor prominently in this Court's analysis because of their similarity in fact. In both cases, Kansas courts allowed debtors to claim as an exempt homestead property on which hotels where actively operated. In the first case, *Hoffman v. Hill*, the Kansas Supreme Court allowed the defendant, a judgment debtor, to claim as an exempt homestead two adjoining lots where a building was erected on one lot with a porch extending over the boundary between the two lots.[17] The defendant used the building as both a residence for his family and as a hotel and boarding house.[18] The defendant also maintained a separate building on the second lot that was used in connection with the family, hotel, and boarding house, as well as out-buildings on both lots.[19] In allowing the defendant's claimed homestead exemption, the Kansas Supreme Court noted:

> ... it follows from the decisions made by this and other courts of last resort that it makes no difference that the homestead or a part thereof may be used for some other purpose than as a homestead, where the whole of it constitutes only one tract of land not exceeding in area the amount permitted to be exempted under the homestead exemption laws, and where the part claimed as not a part of the homestead has not been totally abandoned as a part thereof by making it, for instance, another person's homestead or a part thereof, or by using it or permitting it to be used in some other manner inconsistent with the homestead interests of the husband and wife.[20]

In the second case, *Merchants' Nat'l Bank of Kansas City v. Kopplin*, the Kansas Court of Appeals affirmed the trial court's judgment that contiguous lots totaling less than one acre of land upon which a hotel of about 25 rooms was operated could be claimed exempt as a homestead where the married owners used the hotel as their place of residence.[21] Citing *Hill*, the Court of Appeals affirmed the trial court with little additional discussion of the property beyond the observation that "[the hotel] was the place where [the married owners] had lived and reared their children for at least nine years prior to the commencement of [the underlying] action."[22]

Looking to *Hill* and *Kopplin* alone, it is difficult to conceive that a Kansas court would deny the McCambrys' claimed homestead exemption in their entire duplex. The McCambrys' duplex stands on contiguous land which is less than one acre. The McCambrys use and exercise complete control over the land surround-

---

**17.** *Hoffman v. Hill*, 47 Kan. 611, 28 P. 623 (Kan.1892).

**18.** *Id.*

**19.** *Id.*

**20.** *Id.*, 47 Kan. at 613–614, 28 P. 623.

**21.** *Merchants' Nat'l Bank of Kansas City v. Kopplin*, 1 Kan.App. 599, 42 P. 263 (Kan.App. 1895).

**22.** *Id.*, 1 Kan.App. at 602, 42 P. 263.

ing the duplex while their tenant maintains limited rights of ingress and egress to the duplex unit she occupies. Further, the McCambrys' tenant must vacate the premises with only one month's notice. Under this limited factual scenario, the McCambrys' claimed homestead exemption is certainly more appropriate than the operation of a 25–room hotel and boarding house.

Interestingly, the Tenth Circuit cites neither *Hill* nor *Kopplin* in *Belcher* when discussing cases which it noted were most analogous on their facts to the application of the homestead exemption to an entire duplex structure.[23] This Court can only speculate that the omission was an oversight. Of the cases the Tenth Circuit did cite, only one, *Anderson v. Shannon,*[24] referenced *Hill,* but only briefly and without mention of the hotel. The reasons for the omission by the Tenth Circuit, however, remain unanswered. Therefore, this Court is left to address the significance of *Hill* and *Kopplin,* which have not been directly overruled or limited by a Kansas court. Explicit in *Hill* and *Kopplin* is the notion that, at least under certain circumstances, a structure sitting on contiguous land and utilized as a hotel and boarding house and also as a residence may qualify as an exempt homestead. Implicit in *Hill* and *Kopplin* is the similar notion that a structure sitting on contiguous land and housing only one tenant should be afforded the same protections under similar circumstances.

*Hill* and *Kopplin* are not the only Kansas Supreme Court cases to support the notion that an entire duplex, under appropriate circumstances, might qualify as an exempt homestead.[25] For example, in *Bebb v. Crowe,* the Kansas Supreme Court concluded an owner could claim as an exempt homestead a two-level building where the owner and his family occupied the top level while portions of the lower level were leased to tenants carrying on a mercantile business and a room attached to the main building was operated by the owner as a butcher shop.[26] In arriving at its conclusion, the Kansas Supreme Court observed:

> The owner had the privilege of using any part of the building for his family; the basement, first floor, or second floor. The exemptions do not depend upon so frail a thread as which part of a dwelling a family must use, nor does the architecture of the building, or the question whether it would be more convenient as a store than a dwelling-house, decide its character. The test is whether the building was used as a residence, not nominally, but actually.[27]

In the syllabus prefacing the opinion in *Layson v. Grange,*[28] the Kansas Supreme Court observed:

> Where a debtor owns a house and three lots, containing less than one acre, within the limits of a city, upon which he resides with his family, and also had a carpenter shop which he afterward converted into rooms, which he rented to a family but did not lease any portion of the ground, but simply gave the tenant the right of ingress and egress to and

23. *Belcher,* 579 F.2d at 74–75.

24. *Anderson v. Shannon,* 146 Kan. 704, 73 P.2d 5 (Kan.1937).

25. Even the Tenth Circuit in *Belcher* recognized that Kansas cases exist which inferentially support exempting an entire duplex structure. *Belcher,* 579 F.2d at 75.

26. *Bebb v. Crowe,* 39 Kan. 342, 18 P. 223 (Kan.1888).

27. *Id.,* 39 Kan. at 346, 18 P. 223.

28. *Layson v. Grange,* 48 Kan. 440, 29 P. 585 (Kan.1892).

from the premises, and reserved the basement to such building for his own use, as well as the lot upon which the building was situated, held, that the whole property is a homestead, and as such is exempt from forced sale upon execution.[29]

In *Iola Wholesale Grocery Co. v. Johnson,* the Kansas Supreme Court affirmed the trial court's conclusion that two contiguous lots containing less than one acre within the city qualified as a homestead even though the owner, who resided with his family on the property, operated a grocery store from a building on the property.[30]

In the syllabus prefacing the opinion in *Barten v. Martin,*[31] the Kansas Supreme Court observed:

Where a debtor owns and resides with her family on a large lot of less than one acre within the limits of an incorporated city and rents a separate building twelve by twenty feet on the same lot to a dentist under a verbal lease for a dental office, for which she receives as monthly rental the sum of $13.50, which includes janitor service, and the dentist has a side door opening on the lot and has the use and convenience of some of the outbuildings on the premises in connection with the office, and the rent is used as a part of the income for the living expenses of the family, it is held, that such occupancy of the office building does not so deprive the owner of the possession of that building and the ground underneath it, as to make it subject to execution or cause it to lose its character as a part and portion of the homestead occupied by the owner as a residence for herself and family.[32]

In order to reach a conclusion that a part or portion of a homestead has been excluded therefrom and has lost its right of exemption from execution as a homestead, the renting of it for a particular purpose and the surrounding circumstances should show an intention to abandon it as a homestead, and the use to which it was put in connection with the rest of the premises should be inconsistent with the homestead character of the premises.[33]

Nothing in subsequent Kansas law suggests that the Kansas Supreme Court's conclusions in the aforementioned cases are no longer valid authority. Accordingly, the conclusion that an entire duplex structure may not be claimed exempt as a homestead under any circumstances where one portion of the structure is occupied by the owner and the other by a tenant leads to a foreseeable irrational result: an owner might otherwise qualify for the homestead exemption if he or she rented or leased the unoccupied portion of the duplex structure to a dentist, sold groceries therefrom, or otherwise used the space to carry on his or her own business, whether that be as a butcher or otherwise. This Court also finds remarkable similarities between the facts available in this matter and the holding in *Layson v. Grange,* discussed *supra,* where the Kansas Supreme Court allowed the homestead exemption despite the owner renting rooms to a family and allowing the family limited rights in ingress and

---

29. *Id.* at Syl.

30. *Iola Wholesale Grocery Co. v. Johnson,* 114 Kan. 89, 216 P. 828 (Kan.1923).

31. *Barten v. Martin,* 133 Kan. 329, 299 P. 614 (Kan.1931).

32. *Id.* at Syl. par. 1.

33. *Id.* at Syl. par. 2.

egress thereto.[34]

In the present case, the McCambrys exercise control and dominion over the entire property. The McCambrys use, maintain and enjoy the yard surrounding the duplex. The McCambrys use the driveway leading to the tenant-occupied portion of the duplex to store their property. The McCambrys' tenant has only limited rights of ingress and egress to her portion of the duplex. Nothing prevents the McCambrys, with one month's notice to their tenant, from occupying and using the currently tenant-occupied portion of their duplex for their own purposes, whether by expanding their current residence by tearing down walls, creating additional space for storage, moving in a parent or relative,[35] taking on a commercial tenant, or operating their own business.

Unlike the debtors in *Belcher*, where the essential and single factor raised as justification warranting the claim of exemption was that the two duplex units in question were part of the same physical structure, the McCambrys have demonstrated considerable control and use of the entire duplex structure and the surrounding yard in a manner consistent with their homestead interest. The only portion of the duplex structure and surrounding land which is arguably inconsistent with the McCambrys' homestead interest is the tenant-occupied portion of the duplex structure, which must be returned for the McCambrys' full use and enjoyment with one month's notice. This Court is therefore unable to conclude from the facts and circumstances of this case that the McCambrys have evidenced an intention to abandon any portion of the entire duplex structure or surrounding land sufficient to destroy their underlying homestead rights. The McCambrys' limited business use of the portion of the duplex structure currently occupied by a tenant is, under the facts and circumstances of this matter, incidental to their homestead interests in the entire duplex structure and surrounding land. As a result, the McCambrys are entitled to claim as an exempt homestead the entire duplex structure and surrounding land.

■ This Court, as a general observation, notes that even if the McCambrys are not entitled to claim as exempt the portion of their duplex which is currently tenant-occupied, they would have the right, pursuant to the doctrine of marshaling, to require their creditors holding claims secured by both the exempt and the nonexempt portions of the duplex to satisfy their claims first from the nonexempt portion of their duplex.[36] Here, the McCambrys' schedules reflect that as of February 19, 2004, their duplex carried a current market value of $130,000.00 to which a mortgage of $112,276.00 attached. Should the McCambrys be required to sell the tenant-occupied portion of their duplex, their mortgagee would be required to first satisfy its claims from the proceeds of the sale. Assuming a premium on the sale, the debt secured by the entire property, together with the costs and other charges associated with the sale, would still exceed the value of the tenant-occu-

---

**34.** *Layson v. Grange*, 48 Kan. 440, 29 P. 585 (Kan.1892).

**35.** *See, e.g., In re Myers*, 323 B.R. 11 (Bankr. D.N.H.2005) (concluding that where other unit had been used exclusively to house parent who was dependent on debtors for her financial and personal support, debtors were entitled to homestead exemption in both units of duplex).

**36.** *N. Am. Sav. Bank v. Downing (In re Downing)*, No. 04–5161, slip op. at 6 (Bankr.D. Kan. June 13, 2005) (citing *Frick Co. v. Ketels*, 42 Kan. 527, 22 P. 580 (Kan.1889)).

pied portion of the McCambrys' duplex. The only party benefitting from such a scenario would be the mortgagee. Such a sale would not result in value or benefit to the McCambrys' bankruptcy estate and, accordingly, the McCambrys would not be required to sell the tenant-occupied portion of their duplex to satisfy the liquidation test of section 1325(a)(4).

### Conclusion

This Court concludes under the unique facts and circumstances of this matter that the debtors are entitled to claim as their homestead the entire duplex and the surrounding land. For the foregoing reasons, the Chapter 13 trustee's Objection to Claim of Exemption is denied.