In re Charles Ralph **CUMMINGS, Jr.,** d/b/a Cummings Earthmoving, d/b/a Cummings Construction, d/b/a Equipment Rebuilders, Debtor.

Bankruptcy No. 79–11984.
Civ. A. No. 82–1951.

United States District Court,
Kansas.

Aug. 12, 1983.

Royce E. Wallace, Wichita, Kan., for plaintiff.

Christopher J. Redmond, Wichita, Kan., for defendants.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, District Judge.

Pending before the Court is an appeal from the Bankruptcy Court sustaining in part and denying in part objections by various creditors to certain exemptions claimed by the debtor. In particular, these objec-

tions concern the debtor's claimed homestead exemptions pursuant to K.S.A. 60–2301 and 11 U.S.C. § 522(b). The bankrupt also appeals the Bankruptcy Court's decision to deny part of the bankrupt's claimed homestead exemptions. The Court has heard counsels' oral arguments and has reviewed their prehearing and posthearing briefs and proposed legal conclusions. Upon review of the entire record, including the transcript of the Bankruptcy Court's hearing and the exhibits admitted therein, this Court affirms the Bankruptcy Judge's rulings granting certain homestead exemptions and respectfully reverses those rulings denying other homestead exemptions claimed by the debtor.

The principal issue in this appeal concerns the debtor's claimed homestead exemption for a 148.51 acre tract in rural Finney County. This land includes farm land and the debtor's residence. The tract also has a shop and office building that the debtor formerly used for his construction and earthmoving businesses. The residence includes a swimming pool and tennis court.

The debtor was married until February 3, 1978. Until the divorce, the debtor lived with his family, including four children, in the claimed homestead. Pursuant to the divorce decree, the debtor was required to purchase a new house for his former spouse. He failed to do this, although he did pay 12 months of rent for her and the children, as required by the divorce decree. The debtor also failed to pay health insurance on the two minor children, who were placed in their mother's custody. Following the divorce, the debtor was in arrears on the $300.00 per month child support payments ordered in the decree, but became current on this requirement just prior to filing his bankruptcy petition, although subsequently he again fell into arrears.

In addition to the shop building, the debtor's tract included an asphalt plant and an eight acre parcel that the debtor leased to a local radio station. On this tract is erected a permanent radio tower.

The Bankruptcy Court reviewed applicable Kansas statutory and case law, and concluded that the asphalt plant, shop building and radio tower, including the land upon which they are constructed, were primarily used for business purposes, chiefly valuable for business purposes, constructed or begun solely for business purposes, and not necessary for the debtor's and his family's use of a homestead. Consequently, the Bankruptcy Court granted the debtor's claimed homestead exemptions regarding his residence and farm land, but denied exemptions for the shop building, radio tower and asphalt plant.

■ When reviewing appeals from the Bankruptcy Court, the District Court is required to accept the findings of fact of the Bankruptcy Judge unless they are clearly erroneous. This Court is not bound by the Bankruptcy Judge's decisions of law. *In re Hill*, 472 F.Supp. 844 (D.C.Kan. 1979). The debtor's bankruptcy petition was filed before the Kansas Legislature amended K.S.A. 60–2301 (effective April 26, 1980), that now allows a single individual without a family to claim a homestead exemption. The homestead exemption statute applicable to the case at bar is the following:

> A homestead to the extent of one hundred and sixty (160) acres of farming land, or one acre within the limits of an incorporated town or city, occupied as a residence by the family of the owner, together with all the improvements on the same, shall be exempted from forced sale under any process of law, ...

The principal objecting creditor to the debtor's claimed exemptions, Cecil O'Brate, raises seven points of appeal and these include the debtor's principal arguments on appeal. Consequently, the Court shall discuss this creditor's arguments as they are raised and debtor's responses thereto.

I. CAN THE DEBTOR, A DIVORCED NONCUSTODIAL PARENT, RETAIN A HOMESTEAD EXEMPTION WHEN HE HAS NOT MET SUPPORT AND ALIMONY REQUIREMENTS AS ORDERED IN HIS DIVORCE DECREE?

As noted in the introductory discussion above, the debtor did pay 12 months rent

for his spouse and children after the divorce, and he did become current on support obligations as ordered in the decree when he filed his bankruptcy petition. However, he has not purchased his former spouse a home, nor has he provided health insurance for his two minor children, as required by the divorce decree, and his child support payments became delinquent following the filing of his bankruptcy petition. The Kansas law construing the former version of K.S.A. 60–2301 is not altogether clear regarding whether a divorced spouse without "family living in his home," and without child custody, can claim a homestead exemption. The above statute, if read literally, requires the homestead to be "occupied as a residence *by the family.*" In the debtor's situation, he has no family occupying the residence. However, the United States Bankruptcy Court for the District of Kansas has interpreted the above-quoted statute liberally, and thus, when a divorced spouse without custody has been making child support payments, the noncustodial parent can claim a homestead exemption. This interpretation of the Kansas statute was approved by the Tenth Circuit Court of Appeals in a recent unpublished opinion. *In re Gribble*, No. 78–1382 (10th Cir. Sept. 24, 1981). Mr. O'Brate does not quarrel with this ruling; rather, he contends allowing the debtor to come under this exception would be inequitable.

■ The rationale for allowing a noncustodial debtor to have an exempt homestead is that the family once resided in the home and thus it acquired the legal status of a "homestead." Kansas law is clear that once a homestead attaches to property it continues after the departure of the family members. *Brooks v. Marquess*, 157 Kan. 244, 139 P.2d 395 (1943). The ruling of this district's Bankruptcy Court is that so long as a debtor is meeting his support obligations pursuant to a divorce decree, the non-custodial parent can claim a homestead exemption.

■ The Bankruptcy Court held that since the debtor had paid a substantial part of his alimony or property settlement obligations, and had been current on his child support obligations when his bankruptcy petition was filed, and had made payments thereafter, the debtor was therefore entitled to the homestead exemption. The Bankruptcy Court pointed out that Mr. Cummings' situation was clearly different than the debtor's situation in *Gribble*, since the debtor there had not performed any of his parental obligations following divorce. Since the homestead exemption laws are for the benefit of the family and are to be liberally construed, *Iowa Mutual Ins. Co. v. Parr*, 189 Kan. 475, 370 P.2d 400 (1962), this Court finds the Bankruptcy Judge's decision that the debtor was eligible for a homestead exemption should be affirmed.

## II. DOES THE DEBTOR'S LAND QUALIFY AS "FARMING LAND" WITHIN THE MEANING OF K.S.A. 60–2301 (1976)?

The creditor O'Brate contends here that since part of the debtor's property was formerly used for nonfarming commercial enterprises, none of the 148.51 acres should be classified as farming land. As noted above, Mr. Cummings, prior to bankruptcy, operated various construction-related businesses out of the office and shop building on his land behind his residence. The tract also includes an area from which sand was excavated, the leased ground under the radio tower, and a portable asphalt plant. The record on appeal does not disclose the specific number of acres that are actually cultivated. However, it is clear from the record that only a small percentage of the acres were devoted to the debtor's former nonfarming commercial enterprises. The debtor either leased the cultivated acres to another farmer or farmed them himself.

■ The debtor's acres are outside of an incorporated town or city and so this requisite of K.S.A. 60–2301 is met. The Bankruptcy Court, after reviewing relevant Kansas cases regarding the "farming" requirement of the rural homestead exemption, held that "farming land" signified land outside of an incorporated city or

town. Consequently, the Bankruptcy Court held that all of the defendant's acres, including his residence, came under the homestead exemption for farming land, except for the shop building, asphalt plant, and radio tower. Since most of these acres were cultivated by either the debtor or his lessee, this decision is clearly correct. This Court agrees with both the Bankruptcy Judge's legal review and findings of fact, and they are affirmed.

## III. WHAT PORTION OF THE DEBTOR'S LAND CAN BE CLAIMED AS EXEMPT IN LIGHT OF THE VARIOUS NONFARMING COMMERCIAL ACTIVITIES INVOLVING THE LAND?

The Bankruptcy Court held that the shop building, radio tower and asphalt plant were used primarily for business purposes unrelated to farming, and consequently they were not exempt. Thus, the Bankruptcy Judge ordered these portions of the 148.51 acres should be partitioned and sold by the trustee. The salient facts regarding the shop building are that office work for the debtor's former construction businesses took place there. Mr. Cummings also stored, maintained and repaired equipment related to those businesses in the shop portion of the building. These nonfarming commercial enterprises were terminated sometime during the fall of 1979, and all of the construction equipment owned by the debtor was sold in October 1978. In addition, this metal building, which was built after the original metal building was destroyed by fire in 1975, was used by the debtor to store family possessions. More important, the debtor stores his personal automobiles in this building and he repairs, maintains and stores his farm equipment in it. Further, this building has never been leased or occupied by any person other than the debtor.

Although there are numerous Kansas cases wherein the problem of exempting homesteads in which mixed commercial and residential uses occur, the instant case is unlike any brought to this Court's attention. It is clear that even though one or more rooms of a residence are used for commercial purposes, the home is still an exempted homestead. *Rush v. Gordon*, 38 Kan. 535, 16 Pac. 700 (1888). For example, where a debtor owned and lived in a small hotel, the Kansas Court of Appeals held the entire hotel was protected. *Merchants National Bank of Kansas City v. Kopplin*, 1 Kan.App. 599 (1895). However, where the debtor lived in a duplex containing two completely separate residential units, the debtor is entitled to the homestead exemption for only one-half of the duplex. *In re Belcher*, 13 C.B.C. 240 (D.Bkrtcy.1977), *aff'd* 579 F.2d 73 (10th Cir. 1978).

The Kansas case that the Bankruptcy Court found most persuasive on this issue is *Anderson v. Shannon*, 146 Kan. 704, 73 P.2d 5 (1937). Here, a widow moved into and occupied a commercial theater in Hiawatha, Kansas, where her deceased husband formerly had his medical offices. When the widow moved into the theater, she brought along a trunk, some dishes, and clothing. She occupied approximately 738 square feet of the building, which had a total floor space of 12,800 square feet. The Supreme Court considered three factors while analyzing this situation: first, was the building chiefly valuable for business purposes; second, was the theater mostly used for business purposes; and third, was the building constructed for business or commercial purposes? The Supreme Court decided all of these points negatively, and thus it affirmed the trial court's decision denying a homestead exemption for the theater.

This Court finds very similar and persuasive the Kansas Supreme Court's decision in *Iola Wholesale Grocery Co. v. Johnson*, 114 Kan. 89, 216 P. 828 (1923). Here, the debtor and his family occupied two city lots containing a residence and separate grocery store. The cellar of the store building was used for both family and commercial purposes, for they stored both homecanned fruit and vegetables there as well as items used for the grocery store

business. The debtors also stored personal items such as clothing in the grocery store building. The store building and residence were connected by the same plumbing and electric wiring. Despite the very commercial nature of the grocery store, and the apparent ease by which partition could have occurred, the Supreme Court affirmed the trial court's decision granting a homestead. In essence, the Supreme Court agreed that the commercial activity incident to the grocery store did not destroy the essentially residential character of the debtor's property, and consequently the Court held a homestead exemption was appropriate for the entire property.

■ In the case at bar, the Bankruptcy Court correctly recognized the commercial value of the shop building. Although the record is unclear regarding how much of the debtor's income was derived from the construction enterprises operating out of the shop building, the Court presumes the gross income thus derived was substantial. However, the debtor has not operated these businesses since 1979. The metal building's value as a facility for nonfarm business in no way diminishes its value for agricultural purposes. The building is ideally suited for use in connection with the debtor's agricultural operations. Indeed, the sole uses for the building now are related to farming, such as maintaining and storing farm equipment and also storing the debtor's personal vehicles and other personal property. Consequently, Mr. Cummings' situation more closely resembles the facts in *Iola Wholesale Grocery Co. v. Johnson, supra,* rather than *Anderson v. Shannon, supra,* which the Bankruptcy Judge relied on. Therefore, based on the facts found in the record, the shop building is now chiefly valuable for debtor's agricultural pursuits and chiefly used for purposes consistent with a rural homestead. The Court respectfully finds that the Bankruptcy Judge's decision severing the shop building from the homestead is clearly erroneous.

■ The eight acre tract leased by debtor to a local radio station for its transmitter is apart from Mr. Cummings' residence and shop building. The debtor has access to it and uses the area around the transmitter. Access to the transmission tower would necessitate driving a substantial distance over the debtor's land. Consequently, the Court finds the eight acre tract in the middle of the homestead, although clearly used for a nonagricultural commercial purpose, is so inconveniently located that it would be impractical to partition or sever it from the rest of the homestead. The Court therefore must also respectfully overturn the Bankruptcy Judge's decision denying the debtor's homestead exemption claim for this parcel of land.

■ Likewise, the Bankruptcy Court's decision to partition the area around the portable asphalt plant on Mr. Cummings' land is clearly erroneous because the debtor's businesses involving this facility have also ceased, and the plant is merely being stored on the land and is not owned by the debtor.

Given this Court's decisions regarding the above three issues raised on appeal, further discussion regarding a survey of the nonexempt property, rents, and a marshalling of mortgages, and attorney fees for the creditor O'Brate, becomes unnecessary.

IT IS THEREFORE ORDERED that the Bankruptcy Court's Memorandum and Order dated December 22, 1981, is affirmed in part and reversed in part. This Court further finds and concludes that the debtor, Charles Ralph Cummings, Jr., is entitled to a homestead exemption pursuant to K.S.A. 60–2301 over his entire 148.51 acres, including all structures thereon. This matter is now referred to the Bankruptcy Court for further administration of the bankrupt's estate.